Purr curiam.
The circuit court erred in admitting the certificate of the post master general mentioned in the second exception, as evidence on the trial. The letter of that officer, mentioned in the same exception, was inadmissible as evidence for the defendant, except by the plaintiff’s consent: but his having consented that the letter should be read in evidence for the defendant, *118 was no sufficient reason for admitting the certificate as evidence for the plaintiff, without the defendant’s consent, since it was not legal evidence. Therefore, judgment reversed, and cause sent back for a new trial.
Brooke, J.
agreed, that the judgment should be reversed, but on a different ground. He said—As to the first exception, the circuit court was right in deciding, that the agreements did not constitute a partnership between plaintiff and defendant. In the second exception, I think the evidence is too imperfectly stated. It is stated, that the defendant introduced a letter from the post master general, and other evidence, to prove defaults in the plaintiff j but neither the letter, nor its purport, is set out, nor what was the other evidence to prove the misconduct of the plaintiff. And as the letter was not objected to by the plaintiff, I am not sure that the certificate of the post master general, introduced for the plaintiff, was not admissible to explain the letter introduced by the defendant. At least, after the defendant had introduced the letter, which was improper evidence, I am not satisfied, that it lay in his mouth to object to the certificate to explain it. I think the cause should be sent back, for uncertainty in the second bill of exceptions.
Judgment reversed.