# CHARLESTON

PETERSON v. SMITH *et al.*

Submitted January 19, 1915.   Decided January 26, 1915.

ACCOUNT—*Accounting—Right—Equity Jurisdiction.*

> Mere conflict in claim to oil royalty does not assure equity jurisdiction. Where the plaintiff has full, complete and adequate remedy at law and no peculiar feature of the case comes within the province of a court of equity, he must proceed in the law forum.

Appeal from Circuit Court, Marshall County.

Bill by B. Walker Peterson against Henry L. Smith and others. From decree dismissing his bill complainant appeals.

*Modified and Affirmed.*

*Hall & Hall,* for appellant.

*L. Carlin,* for appellees.

ROBINSON, PRESIDENT:

By the appeal herein, plaintiff submits that his bill was improperly dismissed on demurrer. But mature consideration leads us to sustain the ruling of the chancellor holding the bill insufficient.

The bill seeks an accounting for oil royalty. The substance of the case which it presents, is that defendant Smith has

been paid, by mistake of the operating company, royalty which belongs to plaintiff. For the royalty so paid, plaintiff asserts a mere money demand against Smith. The bill shows no ground of equity cognizance. It does not make a case for an accounting. It appears that the specific account is one which can be fairly determined in a court of law. *Grafton* v. *Reed*, 26 W. Va. 437. No trust relation exists between plaintiff and Smith. The latter is simply shown to be debtor to the former. Facts showing the necessity and indispensability of a discovery, or some other reason why equity should intervene, do not sufficiently appear. "Ordinarily a court of law is the proper forum in which to establish a debt. For equity to interpose, there must be something more than a mere claim or demand; there must appear some equity in relation to such claim or demand—something remedial to plaintiff that the law does not give." *Teter, Admr.*, v. *Teter*, 65 W. Va. 167.

Plaintiff relies on *Peterson* v. *Hall*, 57 W. Va. 535, and *Smith* v. *Linden Oil Co.*, 69 W. Va. 57, as sanctioning equity jurisdiction whenever there are conflicting claims to oil royalties. Those cases were quite different from the one presented by the bill herein. In them plain inadequacy of legal remedy, and other grounds of equity jurisdiction, appeared. In this case it appears that plaintiff has a full and adequate remedy at law for all that he claims by the allegations of his bill.

Nowhere does the bill positively assert that there is any conflict of leases whereby Smith has received the royalty. Indeed the bill is so drawn that it contains no direct and sufficient allegations that there is controversy between plaintiff and Smith, either as to title to the land or as to leases thereon. On the other hand, it is alleged that the South Penn Oil Company, which held a lease on plaintiff's land, and which operated the premises wherefrom the royalty in question arose, mistakenly thought that the well was not on plaintiff's land but on Smith's land, as to which also the same company held a lease, and therefore paid the royalty to Smith. A case for removal of cloud from title is not made; nor is any relief in such particular asked. Nor, as we have said, is anything else shown, warranting resort to equity

instead of law.   Upon the whole, only a money demand is asserted by one man against another.   As far as is disclosed, that demand can just as readily be proved and enforced in an action at law as in a suit in equity.

Plaintiff expressly states in the bill that he is seeking no recovery from the South Penn Oil Company and the Eureka Pipe Line Company, which are made defendants thereto. He merely wants them to disclose what they have turned over in way of royalty to Smith.   No allegation shows why they can not quite as well disclose this in a law action.   Besides, plaintiff confesses in the bill that the South Penn Oil Company has accounted with him for one-half of the royalty due him from the premises, which one-half was retained by it and not paid to Smith.   Readily plaintiff should know what the other half is, so as to base an action at law thereon.

It is true that the bill prays that Smith be enjoined from further trespassing on plaintiff's land and taking gas and oil therefrom, and that the Eureka Pipe Line Company be enjoined from delivering to Smith any oil produced, or hereafter to be produced, from the premises.   But the bill presents no case on which such a prayer can be based.   It does not assert that Smith ever has trespassed on plaintiff's land or laid claim thereto, or that he threatens to do so.   Neither does it assert that the pipe line company upon notice of plaintiff's rights persist in delivering oil to the credit of Smith.

It is not true that in every case conflicting claims to oil royalty may be determined in equity, as plaintiff seems to infer.   Some facts necessitating and warranting resort to the equity jurisdiction must be shown.   Where the plaintiff has full, complete and adequate remedy at law, and no peculiar feature of the case comes within the province of a court of equity, he must preceed in the law forum.

The decree dismissing the bill is right, but it should have gone further and reserved to plaintiff right to sue at law. It will be modified by such a reservation.   *Frye* v. *Miley,* 54 W. Va. 324; *Teter, Admr.,* v. *Teter, supra.*   As so modified, the decree will be affirmed.

*Modified and Affirmed.*