# CHARLESTON.

### RT. REV. P. J DONAHUE, BISHOP, ETC. v. GERTRUDE McGANN RAFFERTY *et al.*

Submitted September 4, 1918.   Decided September 17, 1918.

1. SPECIFIC PERFORMANCE—*Demurrer—Description of Plaintiff*.
   Where a bill for specific performance of an alleged contract for the sale of real estate avers that plaintiff is owner of the land involved in fee simple absolute, other words in the bill referring to him as Rt. Rev. Bishop of Wheeling are merely descriptive terms and do not militate against the allegation of a perfect title.   (p. 536).

2. EQUITY—*Exhibit—Inconsistency with Bill*.
   An exhibit filed with a pleading becomes a part of it with like effect as if bodily incorporated into it, and if there be inconsistency or discrepancy as to dates or as to the cause relied on for relief between the exhibit and the allegations of the bill, in support of which it is filed, the former will be accorded great, sometimes controlling, weight upon demurrer or upon the merits.   (p. 538).

3. SAME—*Exhibit—Effect on Allegations*.
   But on demurrer to a bill an exhibit cannot nullify an allegation which it was not offered to support, whatever may be its effect upon the final hearing of the cause upon the merits.   (p. 538).

4. FRAUDS, STATUTE OF—*Contract of Sale*.
   The statute of frauds does not require that both parties sign the memorandum of the contract for the sale of real estate, but only that it shall be signed by the party to be charged thereby.   (p. 538).

5. SAME—*Principal and Agent—Memorandum—Signature by Agent*.
   Where one of the parties to a contract is acting by an agent and the memorandum is signed by the agent as a party, without disclosing his principal, there is a sufficient designation of the parties, and the principal may sue and be sued upon the contract.   (p. 539).

6. SAME—*Memorandum of Sale—Terms of Payment.*

When a memorandum of a contract for the sale of real estate, sufficient in other respects to satisfy the requirements of the statute of frauds, does not expressly state the terms upon which the consideration is to be paid, but does specify that it is "to be settled for in accordance with terms and conditions announced," and the bill sets forth in detail the terms announced, when read together they set forth a contract sufficient upon demurrer to satisfy the statute of frauds. (p. 540).

Case Certified from Circuit Court, Lewis County.

Bill by P. J. Donahue, Bishop, etc., against Gertrude Mc-Gann Rafferty and others. Demurrer to the bill overruled and case certified.

*Ruling of Circuit Court sustained.*

*Chas. P. Swint,* for plaintiff.

*W. W. Brannon,* for defendants.

LYNCH, JUDGE:

The bill is here by certification under §1 of chapter 135 of the Code upon its sufficiency challenged by demurrer, overruled, on two grounds. The object sought is the compulsion of the defendant, Gertrude McGann Rafferty, to comply with what purports to be a written memorandum signed by her of a contract to purchase lots 1, 2, 9 and 10 in a subdivision of real estate in Weston, W. Va., sold at public auction December 2, 1916, and of which the plaintiff, "Rt. Rev. P. J. Donhue, Bishop of Wheeling", alleges that at the time of the sale he was absolute owner in fee.

If either ground relied on by the demurrant is well taken the ruling certified is erroneous. These grounds are: (1) That the bill does not state a cause entitling plaintiff to the relief he seeks; (2) the legal insufficiency of the contract and its unenforceability for that reason. The first ground assigned, when amplified, in substance and effect goes to the extent of denying the truth of the allegation of title and consequently the authority of the plaintiff to sell the land and execute a valid conveyance of the lots sold to the defendant. The denial of the title rests upon the broad proposition that title to the property never vested in the plaintiff in fee simple but in him only in trust for the use and bene-

fit of the communicants of the church within the diocese of which he is the bishop, and hence that a valid and enforceable sale and a compulsory conveyance are impossible under the laws of this state, except upon his application or the application of trustees appointed pursuant to the provisions of §4, Ch. 57, Code, to the circuit court of the county under the provisions of §9 of the same chapter. This lack of authority to sell and by a deed to convey the title, except when and as authorized by a permissive decree entered upon such application, nowhere appears, so far as we can perceive, from any allegation of the bill or in any other manner. Certainly the mere abbreviation "Rt. Rev." and the words "Bishop of Wheeling" in the caption of the pleading and the signature thereto do not militate against the allegation of a perfect title and the right to enter into a contract for the sale of the property and the power to enforce the contract, if a memorandum thereof is made and signed in accordance with the requirements of the statute of frauds. The words merely identify or describe the plaintiff and distinguish him from any other person or persons having the same name and initials; they are merely *descriptio personae* and serve no other purpose. Certainly the positive allegation of title cannot be set at naught by the mere description of the plaintiff.

Nor can they be permitted to effectuate such denial though read in conjunction with the Exhibit 'B' of the bill. The statements contained in that exhibit, relied on to counteract the express allegations of title, are: "Since the erection of the magnificent new St. Patrick's Church, the *members* have decided to sell *their* old site, consisting of the *former church, old rectory* and several highly desirable building lots. Appreciating the fact that it was better to close out in a short time than to sell occasionally a house and lot, *they* have decided to offer the property at public auction and sell to the highest bidder. The property has been subdivided and each piece will be offered separately on Saturday afternoon, December 2nd, beginning at two o'clock. * * * There is nothing on the real estate market today in Weston as desirable, and it is not often that one has the opportunity to buy such property at their own price, for this is just what the auction

*by the church* of the *church property* means.'' The italiciza-
tion designates the language emphasized by counsel.

An exhibit filed with a pleading becomes a part of it with
like effect as if bodily incorporated into it. If there be in-
consistency or discrepancy as to dates or as to the cause relied
on for relief between the allegations of the bill, in support of
which the exhibit is filed, and the exhibit, the latter will be
accorded great, sometimes controlling, influence upon demur-
rer or upon the merits, as in some of our decisions. *Richard-
son* v. *Ebert,* 61 W. Va. 523; *Board of Education* v. *Berry,*
62 W. Va. 433. But none of our cases or those of other juris-
dictions have gone so far as to say that an exhibit offered for
one purpose shall effectually set at naught other positive and
unequivocal allegations of a pleading. The exhibit in part
quoted was filed not to sustain the averment of title but to
show the terms of sale. Besides, if it had been embodied in
the bill and therefore literally a part of it, the demurrer
would for the purposes thereof have admitted the allegations
as to title and terms of payment. Which then shall be ac-
cepted as true upon the questions raised by the challenge if
there is such a discrepancy? Shall the language quoted from
the notice of sale be allowed to outweigh the assertion of
title to the lots sold when the exhibit relates to an entirely
different matter, or shall each allegation be limited and re-
stricted to that to which each of them is addressed? There
seems to be but one justifiable answer to this interrogatory.
In *Green* v. *Page,* 80 Ky. 368, 370, the court takes the view
that in determining the sufficiency of the material averments
of a pleading an exhibit may properly be considered only as
evidence upon the trial of an issue therein and not in aid
of or in derogation of such averments. While this statement
of the law may not agree with the general doctrine upon the
subject, it does to some extent warrant the conclusion reached,
to the effect that an exhibit cannot nullify an allegation it
was not offered to support and with which it had no sort of
connection, whatever may be its effect upon the final hearing
of the cause upon the merits. This ground of demurrer will
not avail.

The written memoranda signed by defendant for the

purchase of the four lots, copies of which are exhibited and which it is argued are not enforceable by a compulsory decree because not in conformity with the statute, are formally similar, the quotation of one being sufficient to show the nature and character of each of the others. It is: "12/2/16. St. Patrick's Site, Name of Sub Division, Weston, W. Va., Location. I have this day bought at public sale, lot one in above sub division for $1600 per lot, to be settled for in accordance with terms and conditions announced. Gertrude McGann Rafferty, Buyer. Bowman Realty Company, Sales Managers, By An Thompson, Representative. $———— Amount of Cash paid at time of signing this Contract." The statute, clause 6, Ch. 98, Code, requires nothing more than that the agreement or some memorandum or note thereof shall be in writing and signed by the party to be charged thereby or his agent. Call the paper what we may, whether perfect or formally insufficient, when interpreted in the light of the statute, nevertheless for the purposes of this investigation it is a memorandum or writing signed by the purchaser, and in part at least evidences a sale to and purchase by her of certain real estate, one of the lots mentioned in the bill. Her signature thereto, she being the party to be affected adversely by the decree for specific performance, is alone material or necessary. The language of the statute itself, and especially as interpreted in *Armstrong* v. *Maryland Coal Co.*, 67 W. Va. 589, *Mountain Park Land Co.* v *Snidow,* 77 W. Va. 54, and other cases, excuses and renders unnecessary and immaterial the signature of the vendor, where by his bill he offers to perform on his part.

The memorandum further sufficiently identifies the property sold. It locates and describes it as a part of the subdivision, St. Patrick's Site, in the town of Weston, W. Va., and shows the consideration which she agreed to pay. It says the lot is lot one of that subdivision and that she purchased it at public sale on the day the subdivision was sold, that being the date of the memorandum. Nor is the memorandum defective for want of a sufficient statement of the parties to the contract, due to the absence of plaintiff's name as party thereto. Where one of the parties to a contract is acting by

an agent, and the bill avers that the Bowman Realty Company was acting as plaintiff's agent, and the memorandum is signed by the agent as a party, without disclosing his principal, there is a sufficient designation of the parties, and the principal may sue or be sued upon the contract. *Tobin* v. *Larkin,* 183 Mass. 389. So far the memorandum evinces no departure from the statutory mandate.

But counsel point, out more especially and rely more confidently, if not exclusively, upon the failure of each of the four memoranda to state specifically the terms agreed upon for the payment of the consideration and criticize as legally insufficient the provision that the consideration is "to be settled for in accordance with terms and conditions announced." These terms it is urged must be stated in the writing itself or in some of the papers attached thereto or made a part thereof by some reference to it by way of identification or signed by her. There are some authorities and decisions which support the doctrine contended for and hold these terms to be too indefinite and uncertain to satisfy the statute, the argument being that to prove what these terms and conditions were in order to take the case without the statute is in direct disregard of its spirit and purpose and hence within its prohibition. Authority that we cannot ignore because binding upon this court have adopted the contrary view upon the very question to be determined in this case. No doubt can arise as to the exact consideration the defendant agreed to pay for each lot. Each memorandum definitely specifies the purchase price and she verifies the amount by her own signature. The only failure to comply with the statute, if failure it be, is the omission to state the time and amount of each of the several payments. Where the price to be paid is certain and definite the transaction will be interpreted as requiring a cash payment upon the tender of a conveyance. Judges Brockenbrough and Carr so hold in *Smith* v. *Jones,* 7 Leigh 165, 30 Am. Dec. 493, on the theory that where in a sale of land there is no time fixed for payment of the consideration, courts will assume that the parties intended a cash transaction. Such apparently is the ordinary rule. *Hawkins* v. *Studdard,* 132 Ga. 265; *Brad-*

*ford etc. R. Co.* v *New York etc. R. Co.,* 123 N. Y. 316, 326. But, as said in *Smith* v. *Jones,* there is no necessity for its application as the plaintiff has in the bill stated the true terms.

The bill and each memorandum makes clear and certain the time of the several payments of the consideration, when read together and in connection with the phrase "to be settled for in accordance with terms and conditions announced", to which defendant gave her unqualified consent and by which she agreed to be bound when she affixed her signature to the memorandum. They require one-fourth to be paid in cash and the remainder in one, two and three years thereafter with interest, for which she agreed to execute notes to be secured by a vendor's lien retained in the deed. For the purpose of testing the sufficiency of the bill upon demurrer, and not upon the merits when developed by answer and proof, she admits the truthfulness of the specification of these items. Reference to some other instrument, record or other matter by which certainty of the terms of payment of the consideration, duly specified, is reasonably ascertainable is sufficient under the statute. *Atwood* v. *Cobb,* 16 Pick. 227. See also Benjamin on Sales (7th Ed.), sec. 222a.

There is this further provision of chapter 98: "But the consideration need not be set forth or expressed in the writing, and it may be proved (where a consideration is necessary) by other evidence", which, if it means what the language plainly imports, supports the conclusion we have already reached. For, if there be no need to state the consideration for the land purchased and it can be proved by evidence *aliunde,* certainly the terms of payment could likewise be established. The omission of the one element of the contract justifies, indeed necessitates, the omission of the other. To excuse the statement of the consideration and require the writing to state the terms upon which the consideration is to be paid, is paradoxical.

For these reasons our order will direct the re-certification of the record with our approval of the ruling upon the demurrer.                    *Ruling of circuit court sustained.*