# CHARLESTON.

## CATLETT v. BLOYD.

Submitted April 8, 1919.    Decided April 15, 1919.

1. PLEADING—*Separate Causes. of Action—Single Count.*

   A count in a declaration for damages for breach of contract which alleges a contract of agency with plaintiff to sell a tract of land and also a contemporaneous proposition in. writing to sell and convey the land to him on terms stipulated and as a means of securing to plaintiff the benefits of his contract, and also avers a sale of said land upon the terms stipulated and acceptance of the proposition by plaintiff, is not inconsistent in the averments and does not aver two separate and distinct causes of action.    (p. 781).

2. FRAUDS, STATUTE OF—*Statement of Consideration—Declarations—Sufficiency.*

   And where. such contract stipulates a certain price at which said land is to be sold by such agent or bought by him and leaves the deferred payments to be agreed upon between seller and purchaser, if the declaration avers that before acceptance of the offer to purchase, such deferred payments were definitely agreed upon between the parties, and the offer to perform on plaintiff's part, and the subsequent repudiation and refusal to perform the contract by defendant, the declaration in respect thereto is good on demurrer.    (p. 781).

3. CONTRACTS—*Tender—Waiver—Anticipatory Breach.*

   Where one party to a contract repudiates it and refuses to perform, a tender by the other party is deemed to be waived, and right of action thereupon accrues to the injured party for breach of the contract by the other.    (p. 782).

4. VENDOR AND PURCHASER—*Breach of Contract to Convey Land—Declarations—Sufficiency—Acceptance.*

   A count in a declaration upon such a contract which avers acceptance by plaintiff of defendant's proposal within the time stipulated, is not bad on demurrer because it also avers that after the time for such acceptance he *formally* accepted the same by letter addressed to the seller. Such averment will be construed as averring a confirmation of the previous acceptance alleged to have been made within the time stipulated in the contract. Such acceptance need not be in any particular form or manner unless required by the terms of the offer; it may be made in any way which will manifest to the seller the unconditional acceptance of his offer.    (p. 783).

5. SAME—*Breach of Contract to Convey—Pleading—Acceptance.*

In such an action only the ultimate fact of acceptance need be alleged; the particular facts constituting such acceptance may be shown on the trial and need not be set out in the pleading, and the averment in a declaration on such a contract of acceptance thereof implies notice to defendant. (p. 783).

5. SAME—*Breach of Contract to Convey—Pleading—Acceptance— Sufficiency.*

The averment in a count upon such a contract that plaintiff ''duly and properly accepted said proposition'' by defendant to sell and convey the land to him, is sufficient to cover the evidential facts required in proof of the ultimate or primary fact of such acceptance on the trial. (p. 783).

Certified Questions from Circuit Court, Marshall County.

Action by J. B. Catlett against J. A. Bloyd. Demurrer to plaintiff's declaration sustained, and questions certified to the Supreme Court of Appeals.

*Reversed, and demurrer overruled.*

*E. G. Smith* and *J. M. Ritz,* for plaintiff.

*Chas. A. Showacre* and *J. Howard Holt,* for defendant.

MILLER, PRESIDENT:

The questions presented below upon the defendant's demurrer to the plaintiff's declaration and to each of the three counts thereof, and the court's decision sustaining said demurrer, have been certified to this court for its decision thereon.

The action is assumpsit for damages for the breach by defendant to perform his alleged contract to sell and convey a tract of land in Bath County, Virginia. The only written evidence of the contract averred in either of the counts, and specifically set out in the second count, is as follows: ''Moundsville, W. Va. Oct. 6th, 1917. Mr. J. B. Catlett, Clarksburg, West Va. Dear Sir: I will make you the following proposition to sell you the Randolph Tract of land, located in Bath County, Virginia, containing about 24597 Acres at the sum of Three Dollar ($3.00) per Acre. Ten Thousand Dollars to be paid in 30 days after the acceptance of the same, which will be upon examination of said property

to be made in the next ten days, the remaining payments to be agreed upon by parties interested, any price you make to purchaser will be protected by me, and you to retain your proportion of the money paid by parties you may sell to over and above $3.00 per acre. Respectfully submitted, J. A. Bloyd.''

The first count avers in substance that on October 6, 1917, the defendant being the owner of said tract and desirous of selling it, and plaintiff being engaged in buying and selling such lands, and being in touch with prospective purchasers of such properties, employed him to sell said land, and that he agreed to make an effort to sell the same at the stipulated price of three dollars per acre, or so much per acre as he could obtain therefor, upon the terms of $10,000.00 of the purchase money to be paid in cash, the deferred payments to be agreed upon between purchaser and seller, and that for his services and compensation for making such sale plaintiff was to receive all of the purchase money over and above the sum of three dollars per acre; and that on the same day and for the purpose of protecting plaintiff in making such sale defendant made a written proposition, the substance of which is set forth in this count. It is further averred in substance that in consideration of said agreement plaintiff undertook faithfully to perform the contract on his part, and that in consideration thereof defendant thereby promised plaintiff to perform and fulfill said agreement on his part, and that in the performance of his said agreement plaintiff did within ten days from said 6th day of October, 1917, examine said tract of land, that he made sale thereof at the price of five dollars per acre, and that to consummate said sale and within the time specified therein he duly and properly accepted said written proposition according to its terms and notified the defendant thereof, and that he was ready and willing to pay the $10,000.00 cash payment within thirty days as provided in the contract, and of his readiness to agree upon the deferred payments, but which the declaration averred had theretofore been agreed upon between him and defendant. And it is further averred that in further compliance with the contract on his part plaintiff within thirty days after his

ance thereof for the purpose of consummating his said ... "was ready and willing to pay, and offered to tender said defendant the said sum of ten thousand dollars, the cash payment of the purchase money for said land, ... e said defendant would not permit the said plaintiff to said tender and declined and refused said offer of ... and then and there declined and refused to accept ... en thousand dollars and declined and refused to perform the said contract created by the acceptence of his proposition dated October 6th 1917, and refused to convey said ... o him or to the purchasers obtained by said plaintiff," in ... ordance with the terms and provisions of said contract, ... by plaintiff had lost and been deprived of the profits ... he would otherwise have derived and acquired had defen ... nt performed and kept his contract and permitted plain-. tiff ... o consummate the sale of said land, to his damage $75,000.00.

The second count omits the alleged contract of agency and counts simply on said written contract or option given plaintiff to purchase the land. It also avers plaintiff's acceptance of the said contract substantially as in the first count, and in addition alleges that said contract was formally accepted by plaintiff in writing by a letter addressed to defendant October 19, 1917, as follows: "October 19th 1917. To John A. Bloyd, Moundsville, West Virginia. You are hereby notified that I accept your offer to sell the tract of land in Bath County, Virginia, known as the Randolph Tract, containing 24597 acres, more or less, in accordance with the terms of the offer made by you to me under date of October 6th 1917. You will note that by the provisions of said offer I am to pay the sum of $10,000.00 within 30 days from the acceptance of your offer. You are notified that I am ready to pay said sum within thirty days from this date and am now ready to make arrangements with you concerning the deferred payments. Please give this matter your prompt attention and let me know what arrangements you wish to make in regard to the deferred payments, as I am anxious to get the matter closed up at once. J. B. Catlett."

It is also alleged that prior to the acceptance of said writ-

ten proposition by. plaintiff, the deferred payments of pur-
chase money had been agreed upon, the terms being ten
thousand dollars in one year from the date of the deed and
ten thousand dollars each year thereafter until the purchase
money should be fully paid, but that if the timber on said
land was being removed, said deferred payments should be
twenty thousand dollars instead of ten thousand dollars, the
same to be evidenced by negotiable promissory notes of the
purchaser, payable as agreed, with interest at six per cent
per annum, and secured by a. deed of trust on the land.
And it is averred that plaintiff could have resold said land
at the price of five dollars per acre, and that defendant at
the time he refused to comply with his said contract had
notice thereof, but that after plaintiff's acceptance thereof,
defendant to prevent plaintiff from making such resale as
he could and would have done and to deprive him of the
profits which he could and would have derived therefrom,
refused to execute the contract on his part, wherefore plain-
tiff had been damaged in the sum of $75,000.00.

The third count is substantially the same as the second,
except that the written contract is not set out in terms, but
only the legal effect thereof; and respecting the time of the
alleged acceptance of the contract by plaintiff it is averred
not literally as in the previous counts that it was accepted
within the ten days provided in the contract, but that after
his examination of the land within the ten days aforesaid,
said contract was "duly and properly accepted by him."

As to the first count counsel for demurrant undertake to
support the ruling of the court on the grounds, (1) that it
is inconsistent with itself, (2) contains two separate and
distinct causes of action, (3) that the contract pleaded, the
terms of payment. not being stipulated in the written con-
tract, constitutes a mere offer to negotiate, (4) that the offer
to tender. and. pay as alleged is not sufficient, (5) does not
name the purchaser. According to the written opinion of
the circuit court, the ground of its ruling was that this
count pleaded two contracts made on the same day, one ver-
bal, the other written, the former of which became merged
in the latter and could not form the basis of any action

against the defendant, citing for this proposition *Bunnion* v. *Morrison*, 71 W. Va. 254; 3 Elliott on Contracts, §1983, p. 137, and cases cited.

We see no inconsistency in any of the averments of this count, nor do we perceive that it avers two separate and distinct causes of action, or is lacking in any other particular in stating a good cause of action. While an agency or brokerage contract is alleged, it is followed by the averment of the written agreement or proposition to plaintiff made to protect him in his other contract, and as a means to the end that he might be made secure in any sale he might make, and thereby reap the reward for his services. Under it plaintiff might sell and call for a deed to the purchaser, or by proper interpretation he might buy the land himself, and the defendant's contract was to convey to him or to anyone to whom he might sell, if done within the time stipulated. In *Campbell* v. *Beard*, 57 W. Va. 501, where the form and effect of the contract was very much like the one involved here, we held it to be valid and binding as a contract of agency and option to buy, and although as originally made it authorized the sale of two tracts, one of which was first sold, we decided, third point of the syllabus: "If, in such case, the written contract between the principal and agent, gives to the latter an option to purchase the property at prices named therein, he may, at the time of selling the one tract, which he is authorized to sell separately, at the price stipulated therefor, as a part of the same transaction, bind his principal to sell to him the other tract for the residue of the price fixed for the two tracts combined, by accepting the proposition of sale as to it." And in the opinion we said: "Though an agent cannot purchase his principal's property at his own sale thereof, no rule of law prohibits the principal from making a sale of it, or making a contract to sell it, to his agent," citing *Rochester* v. *Levering*, 104 Ind. 562; *Fisher's Appeal*, 34 Pa. St. 29; 2 Pom. Eq. Jur. 959; *Young* v. *Hughes*, 32 N. J. Eq. 372; *Farman* v. *Brooks*, 9 Pick. 212; *Burke* v. *Bours*, 98 Cal. 171. And so in Wisconsin it was decided, in a case involving a contract very much like the one here, that such a contract is an entirety, including

the option feature, and that the covenants of each part
stituted a consideration for the covenants of the other.
v. *Ontonagon Valley Land Co.*, 148 Wis. 186. We
there can be no doubt about the entirety and single
the contract. The written contract itself recogniz
agency to sell in that part of it, stipulating to prot
plaintiff in any price he might make to the purcha
in the provision that plaintiff might retain his propor
the purchase money, being all over the price of th
lars to be paid defendant. We cannot agree with the
judge below in his theory of merger and the applica
the authorities cited to the case made by the plead

Another point that requires mention respecting th
is that the contract was not complete as to the terms
ment, that this important matter was left open by
visions of the contract. Quite true, but it is averred that
before acceptance the terms of payment were agree
It was not necessary to avoid the statute of frauds.
consideration and terms of payment be stipulated in the
writing. Sec. 1, sub-sec. 7, ch. 98, Code. *Donahue* v. *Ra-ferty*, 82 W. Va. 535, 96 S. E. 935.

The only other objection to this count to be noted is that
an offer to tender and pay the money is not a good tende
of payment as required by the law of contracts. The aver
ments, however, are broader than indicated. In effect the
averments are that defendant repudiated the contract, de-
clined the tender and refused performance. In such cases
the authorities all hold that a tender is unnecessary; that it
would be a vain thing, that tender is thereby waived. *Root*
v. *Johnson*, 99 Ala. 90; *White* v. *Dobson*, 17 Gratt. 262;
*Cumberledge* v. *Brooks*, 235 Ill. 249; *Scott* v. *Beach*, 172 Ill.
273; *Veeder* v. *McMurray*, 70 Iowa, 118; *Tobin* v. *Larkin*,
183 Mass. 389; *McCormick* v. *Hickey*, 56 N. J. Eq. 850-1;
*Baumann* v. *Pinckney*, 73 N. Y. 604; *Pollock* v. *Brainard*,
26 Fed. 372; *Brewing Co.* v. *Maxwell*, 78 Ohio St 54; *Kreut-zer* v. *Lynch*, 122 Wis. 474; *Brown* v. *Eaton*, 21 Minn. 409;
*Chicora Fertilizer Co.* v. *Dunan*, (Md.) 50 L. R. A. 401; *Har-ris* v. *Greenleaf*, 117 Ky. 817; *Worch* v. *Woodruff*, 61 N. J.
Eq. 78. These are all cases seeking specific performance of

contracts for the sale and purchase of land, illustrating the application of the exception to the general rule invoked by defendant's counsel. We hold it good.

The grounds of demurrer to the second count pleading the written contract or proposition of defendant to plaintiff are substantially those urged in the first count, namely, (1) that this proposition was simply an offer to negotiate a contract, if suitable terms could be agreed upon, (2) but if an option, the acceptance pleaded was not within the time stipulated in the proposal. As to the first point, we make the same response thereto as made on the first count. As to the second, the opinion of the circuit court was that although it is alleged as in the first count that within the ten days limit plaintiff accepted defendant's proposition, the allegation of this count is that by the letter of October 19, 1917, plaintiff *formally* accepted the proposition, and that if the letter was the formal acceptance, any previous acceptance must have been *informal* and not such as was called for by the proposal of defendant. What the pleader manifestly meant was that the letter constituted a confirmation of the previous acceptance of the contract; and we think that as a pleading it should be given that interpretation. The acceptance was not required to be in writing; the contract calls for no particular form of acceptance. In such cases the acceptor may manifest his purpose in any way which will clearly and unconditionally evidence his acceptance. 1 Elliott on Contracts, § 43; *Mactier's Admr.* v. *Frith*, 6 Wend. 103, 21 Amer. Dec. 262.

One point made by the court and counsel is that no facts showing acceptance and notice thereof to defendant are averred; that simply to allege that plaintiff duly and properly accepted the proposal amounts only to a conclusion of law. Our decisions do say that to complete the contract there must be acceptance and notice thereof to the other party. *Weaver* v. *Burr*, 31 W. Va. 736; *Barrett* v. *McAllister*, 33 W. Va. 738; *Dyer* v. *Duffy*, 39 W. Va. 148. But the question is what is necessary to be averred in the pleading to cover the fact of acceptance. The general rule is that only the ultimate facts need be alleged; the particular facts not primary and which are only evidence of the primary facts need not be

averred.   *Yearger* v. *Bluefield*, 40 W. Va. 484; *Snyder* v. *Wheeling Electrical Co.,* 43 W. Va. 661.   The ultimate fact here is the acceptance by plaintiff of defendant's proposition, and anything done by him manifesting his acceptance to defendant is sufficient; it need not have been done by writing to bind the seller.   *Monongah Coal & Coke Co.* v. *Fleming,* 42 W. Va. 538.   The averment of acceptance in the declaration in this case as against defendant, we think includes notice to him, else as to him it would not be an acceptance.   We must give a reasonable construction to the pleading.   In *Harding* v. *Parshall,* 56 Ill. 219, in a suit for specific performance, it was held not necessary to aver by what acts the principal ratified the agreement of his agent, that it was enough to allege that he did ratify it, the way and manner of his ratification being merely evidential facts to be proven on the trial.   And as particularly applicable to the case we have here, where the defendant is alleged to have repudiated the contract, refused to perform it, excusing and waiving tender, as we have decided, the declaration, setting out the contract and the facts alleged, should be held good on demurrer.   *Sixta* v. *Ontonagon Valley Land Co. supra.*   See also, *Foster* v. *Leininger,* 33 Ind. App. Ct. Rep. 669; *Train* v. *Gold,* 22 Mass. 330; *Allen* v. *Chouteau,* 102 Mo. 309; *Kernan* v. *Carter,* (Ky.), 104 S. W. 308; *Blue Grass Traction Co.* v. *Hedges & Adair,* (Ky.), *Id.* 370; *Lonsdale* v. *Brown,* 15 Fed. Cas. 855.

As to the third count, the only ground of demurrer thereto not sufficiently covered by what has been said as to the first and seconds counts is that it does not clearly allege acceptance of the proposal within the ten days allotted by its terms. While not as distinctly averred as it might have been, we think the pleading is good and that the demurrer thereto should also have been overruled. If plaintiff "duly and properly accepted said proposition" as averred, that covers every evidential fact to be proven on the trial to make out the primary fact of acceptance and to bind the promisor.

Our conclusion, therefore, is that the judgment of the circuit court should be reversed and that the demurrer to the

declaration and to each count thereof should be overruled, and we will so order.

*Reversed, and demurrer overruled.*