# CHARLESTON.

MOSES HYMAN *v.* RIGHT REVEREND J. J. SWINT, *etc.*

Submitted October 23, 1923.    Decided October 30, 1923.

1. DEEDS—*Conveyance to One Whose Name is Followed by Official Title or Name of Office Vests Legal Title in Him Individually; Conveyance to One Whose Name is Followed by Official Title or Name in Office Vests Equitable Title, Unless Trust Created.*

    Where property is conveyed to one whose name in the deed is followed simply by his official title or name in office, the legal title vests in him individually; and in the absence of evidence to the contrary, and if no trust appears to have been created by the deed, the grantee also acquires the equitable title.   (p. 633).

2. RELIGIOUS SOCIETIES—*Conveyance to Bishop by Name and Title, and to His Successors and Assigns, Held to Vest Legal and Equitable Title in Grantee Individually.*

    A deed made to the "Right Reverend P. J. Donahoe, Bishop of Wheeling", conveying to him land with the following habendum clause: "To have and to hold the said lot or parcel of land with the appurtenances unto the said Right Reverend P. J. Donahoe, Bishop of Wheeling, his successors and assigns forever" vests in P. J. Donahoe individually the legal and equitable title thereto, in the absence of evidence to the contrary, there being no words upon the face of the deed sufficient to create a trust in favor of any beneficiary. (p. 633).

3. QUIETING TITLE—*What Bill Should Generally Show Stated.*

    Generally, in a suit to quiet title to land, plaintiff should in his bill show: (1) that, he has a valid legal and equitable title to the premises; (2) that he has actual possession thereof; and (3) that the defendant lays some claim thereto, stating the nature of the claim, so far as it is within plaintiff's knowledge.   (p. 631).

4. SAME—*Relief May be Had by Construction of Deeds or Other Writings Under Which Plaintiff Claims Title.*

    While usually in a suit to quiet title, relief is sought by way of cancellation of defendant's muniments of title, yet relief may be had by construction of deeds or other writings under which plaintiff claims title so as to adjudge the title in him.   (p. 633).

Case Certified from Circuit Court, McDowell County.

Suit by Moses Hyman against Right Reverend J. J. Swint

and others, executors and trustees under the will of the late Right Reverend Patrick James Donahoe, Bishop of Wheeling, etc., and Graham Sale. The last-named defendant demurred to plaintiff's bill, which was overruled, and the questions arising thereon certified for review.

*Ruling reversed, and demurrer sustained.*

*E. C. Marshall,* for plaintiff.
*Riley & Riley,* for defendant Swint.
*D. J. F. Strother,* for defendant Sale.

MEREDITH, JUDGE:

Plaintiff filed his bill in the circuit court of McDowell county against "Right Reverend J. J. Swint, Bishop of Wheeling, Wheeling, West Virginia; Very Reverend Oscar H. Moye, Reverend Edward E. Weber, and Reverend William C. Hall, the last three Executors and Trustees under the will of the late Right Reverend Patrick James Donahoe, Bishop of Wheeling, Wheeling, West Virginia; James P. Flanigan and all unknown persons interested in the lot" mentioned in plaintiff's bill, the purpose of which was to quiet plaintiff's title to the lot in question and to have a construction put upon a deed under which plaintiff claims title. He avers that he had made an agreement with one, Graham Sale, to convey to him plaintiff's portion, at a fixed price, upon condition that plaintiff's title to the property is good, valid and merchantable, but that the proposed purchaser claimed that plaintiff's title is invalid, because of the defects of a certain deed in plaintiff's chain of title. He deraigns his title from E. H. Sudduth and wife. Graham Sale, upon filing his petition in the cause, was made a party defendant and he demurred to plaintiff's bill. His demurrer was overruled and the questions arising thereon were certified for review.

Plaintiff alleges that he has valid title, but the validity of his title depends upon the following deed, under which, through divers mesne conveyances, he claims title:

> "This deed made the 19th day of July, 1907, between E. H. Sudduth and Minnie Sudduth, his wife,

of the Town of Welch, McDowell County, West Virginia, parties of the first part, and Right Reverend P. J. Donahoe, Bishop of Wheeling, West Virginia, party of the second part; Witnesseth: That for and in consideration of the sum of fifteen hundred ($1500.00) dollars, cash in hand paid by the party of the second part to the party of the first part, the receipt of which is hereby acknowledged, the said parties of the first part have this day bargained and sold, and by these presents do grant and convey unto the said party of the second part, with general warranty of title,''

a certain lot by apt description. Following the description there is this habendum clause:

"To have and to hold the said lot or parcel of land with the appurtenances unto the said Right Reverend P. J. Donahoe, Bishop of Wheeling, his successors and assigns forever.''

On August 19th, 1916, by deed executed by "Right Reverend P. J. Donahoe, Bishop of Wheeling, of the City of Wheeling, West Virginia," as party of the first part, a portion of the lot involved here was conveyed to Modesto Iafolla and Toney Iafolla. This deed was signed by the grantor "Right Reverend P. J. Donahoe, Bishop of Wheeling''; in the certificate of acknowledgment he is designated "P. J. Donahoe, Bishop of Wheeling."

By divers mesne conveyances the title to the portion involved here passed to the plaintiff.

It is further averred that when the deed dated July 19th, 1907, was made to said Right Reverend P. J. Donahoe, as above stated, and when he made the deed to the Iafollas, he was the duly constituted and appointed Bishop and prelate of the Catholic Church at Wheeling, West Virginia; that since that time he has departed this life, leaving a will dated March 4th, 1920, signed by him as "Patrick James Donahoe," which will was duly probated, a copy of which is purported to be filed with plaintiff's bill, but it is not in the file of papers certified here; that under the will the three persons heretofore named were appointed his executors and trustees, and pursuant thereto they undertook to and did

dispose of all the property of which he, in his official capacity as Bishop of Wheeling, died possessed. It is further shown that the defendant, the Right Reverend J. J. Swint, has been appointed and is now the regularly constituted Bishop of the Catholic Church at Wheeling, West Virginia, and has succeeded to and possesses all of the rights, powers and authorities formerly possessed by the late Right Reverend P. J. Donahoe, Bishop as before stated; that owing to the descriptive words in the deed of July 19th, 1907, in relation to the Right Reverend P. J. Donohoe, as grantee therein, and especially with reference to the habendum clause in said deed, objections to the plaintiff's title have been made by said Graham Sale, who claims that it may have been intended by the deed to vest title to said lot in the grantee therein named for the benefit, advantage and use of his church, or some church or congregation of some religious denomination; and plaintiff avers that the same objection will be urged by any other prospective purchaser, whereby and by reason whereof, "his lot has depreciated in his hands and its marketability is impeded." He further avers that he is advised that when said deed was made to the Iafollas the defendant, James P. Flanigan and certain other unknown persons claimed some kind of interest in said lot, but that such claim was invalid, because the title thereto was completely owned and vested in said Right Reverend P. J. Donahoe, Bishop of Wheeling, West Virginia, in his own individual right; that by the deed made by him on August 19th, 1916, the legal and equitable title thereto was vested in the Iafollas; and prays that the plaintiff's title to the lot may be quieted.

There is no averment that the Right Reverend J. J. Swint, Bishop of Wheeling, West Virginia, or that the executors and trustees of the late Right Reverend P. J. Donahoe claim any present interest in the property; nor is there any averment in the bill that the said James P. Flanigan, or any unknown persons now claim any interest in the property in question. Bishop Swint demurs to the bill on the specific ground that the deed dated July 19th, 1907, conveyed the lot to P. J. Donahoe, individually; that no trust was created thereby, and that the bill on its face shows that the plaintiff has good title to the premises in question.

This is a suit to quiet title; however, its purpose is not to be attained, by the cancellation of a deed, or other instrument, as is usual in such cases, but to have such a construction put upon the deed of July 19, 1907, as would settle and quiet plaintiff's right to the property; in other words, to have the deed interpreted by a decree of court to the effect that by it the "Right Reverend P. J. Donahoe, Bishop of Wheeling, West Virginia," took an estate in the lot in his individual capacity and not in his official, and therefore a trust capacity. If he took it in his individual capacity he could convey it in that way.

In a suit to quiet title to land, the plaintiff should, as a general rule, show three things: (1) that plaintiff has a valid legal and equitable title to the premises; (2) that he has actual possession thereof; (3) that the defendant lays some claim thereto, stating the nature thereof, so far as it is within plaintiff's knowledge. There may be exceptions to this general rule; but it is conceded in this case that unless the plaintiff has such valid title to the premises his bill is demurrable. *Hitchcox* v. *Morrison,* 47 W. Va. 206, 34 S. E. 993; *Smith* v. *O'Keefe,* 43 W. Va. 172, 27 S. E. 353.

This brings us to a consideration of the Sudduth deed. It grants the property to "Right Reverend P. J. Donahoe, Bishop of Wheeling, West Virginia." There is no trust relation shown by the deed unless it grows out of the title of his office and the habendum clause. There is no trust relation averred in the bill; this is distinctly negatived. Can we infer it from the face of the deed?

In many respects this case is like that of *Donahoe, Bishop, etc.* v. *Rafferty,* 82 W. Va. 535, 96 S. E. 935. That was a suit to compel the defendant to comply with her contract of purchase of a lot sold by the plaintiff, "Right Reverend P. J. Donahoe, Bishop of Wheeling." It was here upon demurrer to the bill. The first ground of demurrer urged was in effect that plaintiff had no title in fee, but that the lot was held by him in trust for the use and benefit of the communicants of the church within the diocese of which he was the bishop, and therefore a valid sale could only be had upon application to the circuit court of the county under section 9, chapter 57, Code. There it was held that this lack

of authority to sell and convey did not appear upon the face
of the bill or exhibits. The bill was filed by "Rt. Reverend
P. J. Donahoe, Bishop of Wheeling." It was held that the
words "Rt. Reverend" and "Bishop of Wheeling" were
merely descriptive terms, and in nowise were repugnant to
plaintiff's allegation of perfect title in himself. But there
was exhibited with the bill an advertisement. of the sale of
the lots at public auction, at which sale plaintiff alleged the
defendant purchased the lot in question. It contained the
following:

> "Since the erection of the magnificent new St.
> Patrick's Church, the *members* have decided to sell
> *their* old site, consisting of the *former church, old
> rectory* and several very desirable building lots. Ap-
> preciating the fact that it was better to close out in a
> short time than to sell occasionally a house and lot,
> *they* have decided to offer the property at public
> auction and sell to the highest bidder. The property
> has been subdivided and each piece will be offered
> separately on Saturday afternoon, December 2nd, be-
> ginning at two o'clock. - - - There is nothing on
> the real estate market today in Weston as desirable,
> and it is not often that one has the opportunity to buy
> such property at their own price, for this is just what
> the auction *by the church* of the *church property*
> means."

It was contended by defendant that this was a contradic-
tion of plaintiff's averment that he had a perfect title; that
it in effect was an admission that he merely held title as
trustee; but this court held since the exhibit was merely filed
to show the terms of sale it could not, upon demurrer, be
held to set at naught the positive averments that plaintiff
had a perfect title. In the present case we have nothing
but the naked deed, supported by plaintiff's averment that
Bishop Donahoe took an absolute estate in his individual,
and not in his official, capacity. There is nothing in the deed
that contradicts this averment.

In the case of *Towar* v. *Hale,* 46 Barbour (N. Y.) 361,
there was a conveyance to "Lawrence Riley, James Roy, and
Michael Miller, Trustees of the Methodist Society, and to
their successors, of the town of Lyons." The habendum

clause was: "To have and to hold the said premises above described, to the said parties of the second part, their heirs and assigns, to the sole and only proper use, benefit and behoof of the said parties of the second part, their heirs and assigns forever." It was held that "the deed conveyed an absolute title to the three individuals named therein as grantees; and that the addition to their names, in the statement of the parties, of 'trustees of the Methodist Society, and their successors,' in the absence of proof of the existence, of a legally organized religious society of that name or answering to it, should be rejected for all purposes, except as a *descriptio personarum* of the grantees."

It seems to be well settled, that where property is conveyed to one whose name in the deed is followed simply by his title or name in office, the legal title vests in him individually, and in the absence of evidence to the contrary, he will be held also to have acquired the equitable title, if no trust appears to have been created by the terms of the deed. *Pfeiffer* v. *Rheinfrank*, 37 N. Y. S. 1076; *American Surety Company* v. *McDermott*, 25 N. Y. S. 467; *Hart* v. *Seymour*, 147 Ill. 598; *Baulos* v. *Ash*, 19 Ill. 187; *Kanenbly* v. *Volkenberg*, 75 N. Y. S. 8; *Combs* v. *Brown*, 29 N. J. L. 36; 3 Washburn, Real Property, 264. Hence, on the face of the record before us, we must accept as true plaintiff's averment that there was an absolute fee simple title conveyed by the Sudduth deed to Right Reverend P. J. Donahoe individually. That being admitted, plaintiff shows valid title.

But there is no averment of actual possession and this must affirmatively appear, to maintain a suit of this character, unless there be some exceptional circumstances to relieve the plaintiff from this requirement, in which event such circumstances must also appear. *Hitchcox* v. *Morrison*, supra; *Smith* v. *O'Keefe*, supra. None exist here. He should also set up, so far as he has knowledge, the various claims of the defendants. This he has failed to do. For these two reasons, the bill is demurrable.

While plaintiff does not desire a cancellation of the Sudduth deed, his right to have an adjudication of his title thereunder is conceded under the case of *Gilbert* v. *McCreary*, 87 W. Va. 56, 104 S. E. 273, 12 A. L. R. 1172.

For the foregoing reasons, we reverse the ruling of the circuit court, and sustain the demurrer, and so answer the questions certified.

*Ruling reversed, demurrer sustained.*