A. L. AMICK *et al.* *v.* GAULEY COAL LAND COMPANY *et al.*

(No. 8558)

Submitted September 29, 1937. Decided December 7, 1937.

*S. M. Austin* and *Charles M. Love,* for appellants.

*G. Gilmer Easley, George W. Wood* and *Angus Mac-Donald,* for appellees.

MAXWELL, JUDGE:

From a decree entered December 8, 1936, by the Circuit Court of Greenbrier County, sustaining defendants' demurrer to plaintiffs' bill and, upon plaintiffs' failure to indicate a desire to amend, dismissing the bill, plaintiffs appeal. The decree gives the circuit court's reason for its action "that the plaintiffs' bill of complaint does not show grounds of equitable jurisdiction and is not sufficient in equity and that plaintiffs have an adequate remedy at law."

The lone question presented here is the sufficiency of the bill.

A. L. Amick, L. M. Helms and W. E. R. Byrne filed their bill against the Gauley Coal Land Company, the Imperial Smokeless Coal Company and Charles Spence, for removal of clouds from, and quieting of, title to three tracts of land (61½ acres, 194 acres and 100 acres) in Greenbrier County; for discovery by defendants of the amount of coal and timber taken by the Gauley company and the Imperial company from the 100-acre tract, and for an accounting for such coal and timber; for a mandatory injunction requiring defendants to vacate the 61½-acre and 100-acre tracts; and for an injunction against further acts of trespass by defendants upon the same two tracts.

The bill alleges that plaintiffs have had title to the 61½-acre and the 100-acre tracts since the years 1884 and 1904, respectively. Title to an undivided interest in the 194-acre tract from the year 1903 is also asserted. Possession by plaintiffs of the 61½-acre and the 194-acre tracts, except for certain trespasses hereinafter considered, from the date of the deed to each parcel, is alleged.

There is no allegation as to the possession of the 100-acre tract.

Plaintiffs' title to the 61½-acre tract was successfully defended by L. M. Helms, one of the plaintiffs, in an action of ejectment by C. L. McClung, the Gauley company's predecessor in title, in the year 1897.

In 1919, the Gauley company leased to the Imperial Smokeless Coal Company a boundary of 1330 acres of coal which included substantial portions of all three tracts claimed by plaintiffs. The Imperial company is mining coal from these tracts, and has removed much timber from the 100-acre tract. The bill admits that plaintiffs have conveyed the Sewell seam underlying the portions of the 61½-acre and 194-acre tracts "in dispute" to the Imperial company. There is nothing in the bill to show that the coal being mined from these two tracts by the Imperial company is not owned by it under plaintiffs' own deed. True it is, the bill asserts the coal is being mined by the Imperial company "purporting to act under and by virtue of the lease aforesaid", but this is not contradictory, even inferentially, of the possibility of a settlement of the dispute by the deed of plaintiffs. For all the bill shows, the Imperial company may have been mining its own coal. Necessarily, in view of this insufficiency of allegation, no right is shown to an injunction, as prayed for, against mining coal on the 61½-acre tract.

For the same reason there is no basis alleged for discovery, or for accounting as to the coal under the last-mentioned tract.

This leaves for consideration the allegations pertaining to the 1919 lease by the Gauley company to the Imperial company as a cloud on title to certain portions of the three tracts, as well as the allegations concerning the reassertion of the title adjudicated in the McClung ejectment action, the allegations concerning the cutting of timber and removal of coal from the 100-acre tract, and those relating to the enjoining of trespass by the defendants.

The attributes necessary to create a cloud on title are, as fixed in *Gardner* v. *Buckeye Savings & Loan Co.*, 108 W. Va. 673, 152 S. E. 530, 78 A. L. R. 1, that the claim

must be (1) apparently valid, and (2) capable of embarrassing title. That case recognizes that the mere verbal assertion of claim is not such a cloud on title as equity will take jurisdiction to remove. The allegations of the bill in the instant case, with the exception of those pertaining to the Imperial company lease, as to the clouds on the title of plaintiffs to the three tracts, are general. A bill must describe the claims alleged to constitute clouds to the best of complainant's knowledge. *Hyman* v. *Swint,* 94 W. Va. 627, 119 S. E. 866. Plainly, relief against "claims" cannot be granted. It is an elemental rule of pleading, and requires no discussion, that such averments should designate by sufficient description the alleged clouds so that the defendants may know what they must defend and the court may know what matters it is expected to decide.

Under the allegations of the bill, the lease to the Imperial company is a cloud on title to the coal under parts of all three parcels, except the Sewell seam, the allegations not being clear as to it. The lease is the only alleged cloud sufficiently pleaded. On these allegations, equity jurisdiction may be based.

The allegations regarding the continued assertion of a title adjudicated invalid in an ejectment action gives equity jurisdiction to quiet the superior title. *Whitehouse* v. *Jones,* 60 W. Va. 680, 55 S. E. 730, 12 L. R. A. (N. S.) 49. While the bill does not adequately describe the muniments of title held by the Gauley company from C. L. Mc-Clung so that the court would be justified in cancelling those muniments as a cloud on title, the alleged reassertion of that title would permit injunctive relief against the person claiming ownership of it. Hence, it was error to sustain the demurrer to that part of the bill seeking relief against the reassertion of the McClung title to the 61½ acres.

No injunctive relief is prayed against the further cutting of timber, but relief is sought regarding both the timber and the coal on the 100 acres by way of discovery and accounting. There are no allegations in the bill showing a relationship between plaintiffs and defendants which would entitle the former to an accounting, but on

the contrary, a trespass between strangers is averred, a situation negativing a basis for accounting. See *Peterson* v. *Smith,* 75 W. Va. 553, 84 S. E. 250. Whether the trial court should administer complete relief, assuming equity jurisdiction to have been established on ample grounds, is a matter to be decided when the issues of fact shall have been determined. Attention is called to the rule that even though equity administers complete relief, if it appears that the relief sought is purely legal in connection with discovery, so that the controversy as to the relief is better settled by a jury, it will be remanded to the law courts for determination. *Freer* v. *Davis,* 52 W. Va. 1, 43 S. E. 164, 59 L. R. A. 556, 94 Am. St. Rep. 895.

The bill does not allege that the trespasses, other than the removal of coal, will continue or that their repetition is threatened. The removal of coal from the 61½ acres is not shown by the bill to be a trespass, but such situation does not pertain to the 100 acres. The removal of minerals by a trespasser is a matter for injunctive relief by equity. *Freer* v. *Davis,* 52 W. Va. 1, 43 S. E. 164, 59 L. R. A. 556, 94 Am. St. Rep. 895. See also, *Pardee* v. *Camden Lumber Co.,* 70 W. Va. 68, 73 S. E. 82, 43 L. R. A. (N .S.) 262. The allegations respecting the trespass sufficiently present a *prima facie* showing.

It appearing that there are grounds of equity jurisdiction set up in the bill, it was error for the circuit court to dismiss it.

The decree of the circuit court is therefore reversed and the cause remanded with leave to plaintiffs to amend their bill, and for further proceedings not inconsistent with this adjudication.

*Reversed and remanded.*