# CHARLESTON.

### KALBITZER v. GOODHUE.

Submitted June 16, 1901. Decided March 14, 1903.

1. COURT—*Injunction—Notice—Attorney-at-Law.*

Under section 3, chapter 133, Code, a circuit court or judge thereof in vacation, on application for injunction, may exercise a sound discretion in the matter of requiring notice to be given to the adverse party or his attorney-at-law or in fact, of the time and place of moving for it before the injunction is awarded.

2. ASSOCIATION—*By-Law*—*Contract.*

A voluntary association having adopted a constitution or rules and by-laws, the same are to be considered in the light of a contract and the "Majority rule" in the government of the association does not obtain unless it is so provided in such contract. (p. 438).

3. ASSOCIATION—*Diversion of Funds.*

To divert the funds of such association to other purposes than those set forth in the constitution, by-laws, rules · and regulations adopted by the association requires .the consent of each and every member of the association. (p. 439).

4. ARTICLES OF AGREEMENT—*Public Policy.*

The articles of agreement adopted by a voluntary association by whatever name called, whether constitution, by-laws, rules and regulations, or any other name,· constitute a contract between the members of such association which the courts will enforce, if not immoral or contrary to public policy or the law of the land. (p. 438).

Appeal from Circuit Court, Ohio County.

Action by Christian Kalbitzer, *et als.,* against A. J. Goodhue, Trustee. Judgment for plaintiff, and defendant appeals.

*Affirmed.*

M. C. MEYER, for appellees.

HOWARD & HANDLAN, for appellant.

McWHORTER, PRESIDENT:

A voluntary association was formed in the City of Wheeling under the name of "The Retail Butcher's Protective Association of Wheeling, W. Va.," and adopted a constitution and by-laws, rules and regulations. The association was composed of twenty-four members. Article V. provided for the revenues and disbursements thereof, consisting of seven sections as follows:

"Sec. 1. The dues of this Association shall be twenty-five (25) cents per month.

Sec. 2. The iniation fee shall be Ten Dollars, ($10.00).

Sec. 3. Each member shall pay his dues and fines in person at a regular meeting.

Sec. 4. Should the funds of this Association become exhausted, the members thereof shall make such contributions as

shall be determined by two-thirds of the members present. But no motion to tax the members of this Association shall be decided at the same meeting at which it is made.

Sec. 5. The funds of this Association shall be applied to defraying its necessary expenses.

Sec. 6. This Association shall have power to appropriate such amounts, as may be deemed necessary for the relief of disabled members or widows or orphans.

Sec. 7. This Association may grant benefits to members for sickness and funeral expenses, in case of prolonged indisposition of any member of this Association in good standing at the time of such occurrence, it shall be the duty of a special committee to inquire into the circumstances attending the case, and if they deem it necessary they may appropriate such amount as will defray incidental expenses."

Funds accumulated in the treasury to the amount of $1,800.00. At a regular meeting held on the 27th day of February, 1901, twenty members of said association being present an order was passed by said association by a vote of twelve for and eight againts to distribute the funds in the treasury, except the sum of $100 to be left in the treasury for expenses, among the members in good standing in said association. Christian Kalbitzer and eight other members of the association filed their bill in the circuit court of Ohio County praying for an injunction against A. J. Goodhue, treasurer of said association restraining and enjoining him from paying out, distributing and dividing among the members of the association who were in good standing any moneys in his hands as treasurer of said association and belonging thereto except as provided in the constitution and by-laws of the association. An injunction was granted until the further order of the court.

The defendant, Goodhue, treasurer, filed his answer to said bill admitting that he was such treasurer and that he was about to proceed under the said order of the association to distribute the funds among the members thereof in good standing, retaining one hundred dollars in the treasury, the amount of money in his hands as such treasurer when the injunction was served upon him, averring that said funds had been lying in the treasury unemployed for a great number of months and the presence of which had been a constant menace to the peace and tran-

quillity of the association. The affidavit of John C. Medick and joint affidavit of said Medick, Boniface Gartner and Anton Korn and also the separate affidavit of Boniface Gartner were filed in support of said injunction, and on the 22d day of July, 1901, the cause was submitted on the bill and exhibits and the answer thereto and upon the said affidavits, when the court entered the decree perpetuating the injunction granted on the 7th day of May, 1901, prohibiting and restraining said Goodhue, treasurer of said voluntary association and his successors in office from paying out, distributing and dividing among the members of said association who were in good standing any moneys in his, or their hands as such treasurer of said association and belonging thereto, except as provided in the constitution and by-laws of said association. A copy of which constitution and by-laws was filed with the bill as exhibit No 1; but the courts awarded no costs in the cause. From this decree the said A. J. Goodhue, treasurer, appealed and says that the court erred in granting the injunction without any notice of application thereof, and in refusing to dissolve the said injunction and in perpetuating and making permanent the same.

The first error assigned in granting of the injunction without any notice of application, is not insisted upon by the appellant in his brief and it will be seen that under section 3, chapter 133, Code, the court is authorized to exercise a sound discretion in the matter of notice to the adverse party. Said section provides that "Any court or judge may require that reasonable notice shall be given to the adverse party or his attorney-at-law or infact, of the time and place of moving for it before the injunction is awarded if in the opinion of the court or judge it be proper that such notice should be given." 1 Bart. Chy. Pr. secs. 131, 133. It is insisted by appellant that no member having a vested interest in any part of the funds owned by it, the association had the power to dispose of the funds in the treasury upon a vote of a majority of a quorum; that we have no statute, no adjudicated cases which lay down rules for the government of voluntary associations and that the analogy between corporations and mutual benefit associations or voluntary associations, "The majority rule" is strictly applicable here. A constitution and by-laws adopted by a voluntary association constitute a contract between the mem-

bers which if not immoral or contrary to public policy or the law, will be enforced by the courts. In 1 Bacon on Benefit Association and L., sec. 37, in treating of such associations, says: "The articles of association are doubtless to be considered in the light of an agreement between the members extending or limiting any general obligation which binds them to each other as members of a partnership. The members have established a law to themselves. This fundamental compact is generally called the constitution and is analogous to the charter of a corporation;" and in sec. 38 *Id.* "The association cannot change the purposes for which it was organized as specified in its articles of association without the consent of all the members; and although a minority present at a meeting where money is disposed of for a purpose different from that prescribed in the articles of association are bound unless they then and there dissent; the vote does not bind those that are not present;" see also secs. 62 and 69 *Id.* In *Mason* v. *Finch,* 28 Mich. 282, in the opinion of the court at page 286, "There is nothing but unanimous consent which can bind any member of an unincorporated company by any action not within the terms of the association. In joint enterprises, matters within the proposed scheme are usually left to be determined by such agencies or such votes as are agreed upon. Outside of the agreement, no one can be bound without his assent."

Appellant cites *Ostrom* v. *Greene,* 161 N. Y. 352, and quotes therefrom as follows: "In a voluntary association a majority is entitled to control and the minority however hard it may be must submit." This seems to be an effort to have the court understand that the court held in that case that in all voluntary associations this principle applies, when in-fact the court was speaking for that case alone, which was without constitution, rules, or by-laws, and what the court actually said very properly applied to that case. What the court did say is "A majority is entitled to control and the minority however hard it may be must submit." In that case it is said by the court, "The association was not organized to make money for its members but for a patriotic purpose. It had no articles of association, constitution, by-laws nor rules of procedure," and it is there further said it was customary in that association for each meeting to transact business by the vote of the majority of those present whether they con-

stituted a majority of the entire membership or not. In the absence of anything which amounted to a contract, the custom of "Majority rule" in their meetings would make the action of a meeting binding, so that in that case it was properly held that the minority must submit to the action of the majority; but that ruling could not apply to any association which had a constitution or rules and by-laws, unless it was provided therein that the "Majority rule" should obtain. In *Abels* v. *McKeen,* 18 N. J. Eq. 462, it is held that "The vote must be for some purpose for which the money was contributed. A majority cannot de-vote the money of the minority or even of a single member to any other purpose without his consent." In *Brown* v. *Stoerkel,* 74 Mich 269, it is held: "The articles of agreement of such an association whether called a 'constitution,' 'charter,' 'by-law,' or by any other name, constitute a contract between the members which the courts will enforce, if not immoral or contrary to public policy, or the law of the land."

There is no provision in the constitution or by-laws and rules of the association in case at bar that a majority of the members of the association may direct a distribution of its funds among the members entitled thereto, and such action can only be carried into effect with the consent of all the parties to the contract. *Torey* v. *Allen,* (Mass.) 120; *Duke* v. *Fuller,* 9 N. H. 536.

It is conceded in the answer that there were twenty-four members of the association. The resolution complained of was adopted by a vote of twelve for to eight against, there being twenty members present and voting and four absent, so that even if a majority vote was sufficient under their rules to make an appropriation for other purposes than these mentioned in the constitution, they failed to have such majority, and did not have a two-thirds vote of the members present. There is no provision in the constitution as to how many members shall be required to make a quorum for the transaction of business. Under section 4, article 5, a provision is made that when the funds of the association become exhausted the members shall make such contributions as shall be determined by two-thirds of the members present, but no motion to tax the members should be decided at the same meeting at which it was made. The appropriation of the money to be distributed among the

members was a purpose for which no provision was made in the constitution, rules, regulations, or by-laws. It is contended in the answer of the defendant and by the brief filed for the appellant that the funds had accumulated to such an amount as to menace and endanger not only the peace and tranquillity of the association but its very existence; that one hundred dollars was sufficient to meet all demands that might properly be made upon the association. This is not sustained by the record. That amount ($100) might be sufficient to defray the necessary expenses as provided in section 5, article 5, constitution, but not for the purpose mentioned in the following sections six and seven of the same article, which are hereinbefore copied. In *Zabriskie* v. *R. R. Co.*, 18 N. J. Eq. 178, it is held: "Corporators or partners associated for a special purpose specified in their charter or articles of partnership cannot change that purpose without the consent of all the corporators or partners." As held by the circuit court, "To distribute the fund in the manner contemplated by the resolution would be therefore a violation of the agreement of the association and cannot be done until the agreement is modified in the way pointed out by the laws. The injunction is made perpetual but no costs are awarded."

The court committed no error and the decree must be affirmed, and the decree of this Court is also without costs, *Torey* v. *Baker, supra.*

*Affirmed.*