## Wytheville.

W. D. BRADLEY, VIRGINIA LEAGUE OF PROFESSIONAL
BASEBALL CLUBS, ET ALS.,

v.

B. W. WILSON, TRADING AND DOING BUSINESS AS
RICHMOND BASEBALL CLUB.

June 12, 1924.

ASSOCIATIONS—*Baseball League—Termination of Membership—Right to Trial—*
*Case at Bar.*—The Constitution of a baseball league provided that a
member club might be expelled for failure or refusal to comply with
any lawful requirement of the league, and that the president, if noti-
fied of any default, should notify the party charged with the specified
default and inquire whether any dispute existed as to the facts al-
leged. In case of a dispute as to the facts, the Constitution provided
that the board of directors should try the case. In the instant case
the plaintiff, a member of the league, refused to comply with a lawful
requirement of the league and in a telephonic conversation with the
president of the league, plaintiff's president admitted that there
was no dispute as to the facts of the failure to comply with the re-
quirement.

*Held:* That plaintiff could be expelled without a trial by the board
of directors.

Error to a judgment of the Circuit Court of the city
of Richmond, in a proceeding by motion for a judg-
ment for damages. Judgment for plaintiff. Defend-
ant assigns error.

*Reversed and final judgment dismissing the action.*

respectively, by name), seeking to recover damages for the alleged illegal termination of the membership of the Richmond Baseball Club in the Virginia league of professional baseball clubs (an unincorporated association), because of a certain alleged default of the plaintiff, the alleged illegality of such action consisting in this, that the said league declared such membership terminated without a trial of the case by the board of directors of the league, and without any opportunity given the plaintiff to prepare and present a defense before such board, as required, as is alleged, by the constitution of the league, as construed by the plaintiff, which constitution, as the plaintiff claims and the defendants admit, constitutes a contract between the plaintiff and the other members of the league, who are defendants in the case.

There was a verdict and judgment in the trial court in favor of the plaintiff, and the defendants assign error.

The material facts which appear from the evidence, without any conflict therein, may be stated as follows:

The Virginia league of professional baseball clubs, an unincorporated association as aforesaid, was organized in March, 1920, and when the events involved in this litigation occurred was composed of the following baseball clubs as members of the league, namely: the Richmond, Petersburg, Suffolk, Norfolk, Newport News, Portsmouth (Va.), Rocky Mount and Wilson (N. C.), baseball clubs. The purpose of the league was to engage in playing professional baseball for money and profit; and in order to fix the purposes of the league and the rights and duties of its members, it adopted, in March, 1920, a written constitution, agreed to by all of its members, under which the league was thereafter operated.

The constitution provided for a board of directors,

vested with certain powers, and charged with certain duties, as set forth in the constitution.

The constitution further provided, in article IV, section 3, subsection 8 thereof, so far as material as follows:

"The membership of any club herein may be terminated as follows, viz:

\*        \*        \*        \*        \*        \*        \*        \*

"By      \*        \*

"Failing or refusing to comply with any lawful requirement of      \*      \*      \*      the league."

The constitution still further provided, in section 4, as follows:

"To carry into effect the provisions of section 3 of this constitution, the facts in any cases covered by such section must be immediately reported to the president of the league, who shall at once notify, by mail or telegraph, the party charged with the specified default, or offense, inquiring whether any dispute exists as to the facts alleged. In case the facts are disputed, the board of directors shall, after due notice, try the case under such regulations as it may prescribe, and its findings shall be final and conclusive."

At a meeting of the league, held at Suffolk, Va., on October 28, 1920, at which the plaintiff was present in person, representing the Richmond Baseball Club as a member of the league, the affairs of the league for the ensuing playing season, which would open in the spring and close in the fall of 1921, were under consideration. According to the playing schedule adopted by the league for, and which had been in force during the playing season of the year 1920, the Richmond Baseball Club had been given all of the Saturdays during the season. Saturdays being the best revenue-producing days, there was a feeling on the part of some of

the members that a more equal distribution of the Saturdays should be made.   Thereupon, at such meeting, a resolution was introduced and duly adopted, concerning the playing schedule for the 1921 season, which, so far as material, was as follows:

"*     *     that no club in the Virginia league be given over two-thirds of Saturdays in drafting schedule, and that .at next meeting each club post forfeit of $2,000.00."

The meeting thereupon duly adjourned to meet in Norfolk on November 6, 1920, at 7 o'clock P. M.

All the members of the league and the plaintiff fully understood the meaning of the requirement that "each club post forfeit of $2,000.00"—which was a meaning about which there is no conflict in the evidence—so that no statement of such meaning need be made.

The league had unquestioned and unquestionable authority to adopt the resolution just mentioned and to adjourn the meeting as just stated.   The plaintiff, however, following the adoption of said resolution before the aforesaid adjournment and before those attending the Suffolk meeting aforesaid dispersed, declared on the floor of the meeting, that he would not accept the conditions laid down in that resolution; that he recognized. that as the resolution stood the membership of his club would be terminated unless he did comply with such conditions, but claimed the right to be given an opportunity to sell his franchise before the membership of his club was terminated, if it did not post the forfeit required by the resolution at the meeting fixed for November 6th at Norfolk; and then and there (at the Suffolk meeting), announced that such forfeit would not be so posted by his club, unless the aforesaid resolution was rescinded or altered so as to allow his club to be given more than two-thirds of the Satur-

days, and not less than twenty Saturdays (which were more than such two-thirds), during the 1921 playing season.

The claim of the plaintiff, just mentioned, was, under the provision of the constitution of the league, not a matter of right, as claimed by him, but addressed itself solely to the discretion of the league.

The adjourned meeting at Norfolk was duly held on November 6, 1920. The plaintiff was not there present, nor was his club otherwise represented. The other members of the league were duly represented at such meeting. Neither the Richmond Baseball Club, nor any one for it, posted its forefeit, as required by the said Suffolk meeting resolution. And for good and sufficient legal reasons (a statement of which would be immaterial) the league did not rescind, or in any way modify, the aforesaid resolution adopted at the Suffolk meeting.

The following proceedings appear from the minutes of the Norfolk meeting:

"Mr. Woodward, of Wilson (N. C.), asked the question if Rocky Mount (N. C.) failed to post forfeit bond, what would be the answer? *The board of directors* unanimously answered that their franchise would be forfeited in accordance with article IV (section 3, subsections 7 and 8 of the constitution of the Virginia league). (Italics supplied.)

"The following motion was then made *in accordance with this section,* reading: (Italics supplied.)

"Moved by Wilson, seconded by Suffolk, that the Richmond franchise be forfeited to the Virginia league for failure to post bond as stated as directed by the league at their meeting in Suffolk on Thursday, October 28, 1920.

"After (this) motion was made and before final vote

was taken, the president was authorized to call up over the 'phone Mr. Wilson" (the plaintiff), "owner of the Richmond club, and ask him to allow the president to put up a check for him for bond.

"The meeting adjourned until the president could talk to Mr. Wilson of Richmond.

"The president reported back that the Richmond club refused to put up their bond unless they were given the twenty Saturdays and would not agree to anything except that they should have the twenty Saturdays.

"After hearing of the president's conference with Mr. Wilson, the owner of the Richmond club, the motion of Wilson (N. C.) was carried by the following vote: All the members present, being all (the) members of the league except Richmond, voted affirmatively."

The talk of the president of the league with the plaintiff over 'phone, above referred to, is shown in evidence and it appears therefrom that the president ascertained thereby that no dispute existed as to the fact that the plaintiff and his club was in default, in this, that such club, and the plaintiff, had failed and refused to comply with the aforesaid requirement of the league contained in the aforesaid Suffolk resolution, namely, the requirement that "at the next meeting" (which was the Norfolk meeting) "each club post forfeit of $2,000.00;" nor does the plaintiff in his testimony in the case in any way controvert that such default was undisputed at the time that said president had the aforesaid 'phone talk with him and at the time the last mentioned resolution was adopted by the league.

On the trial of the case, the court gave, among others, the following Instruction:

"3.   The jury are instructed that under the consti-

tution of the Virginia league of professional baseball clubs no member club can be legally expelled or its franchise forfeited except by the board of directors of said league after notice to such member club and opportunity for such member club to defend itself. * *"

*Cutchins & Cutchins* and *Meredith & Meredith*, for the plaintiffs in error.

*R. E. Byrd* and *W. L. O'Flaherty*, for the defendant in error.

SIMS, J., after making the foregoing statement, delivered the following opinion of the court.

The case turns upon a single question, namely:

1.  Is this a case which, under the provisions of section 4 of the constitution of the league, the board of directors of the league were required to try?

The question must be answered in the negative.

Upon the facts appearing from the evidence, without any conflict therein, the requirement contained in the resolution, adopted at the Suffolk meeting, that "at the next meeting each club post a forfeit of $2,000.00" was a "lawful requirement" of the league within the meaning of subsection 8 of section 3 of the constitution of the league. The plaintiff and his club, a member of the league, failed and refused to comply with that requirement. As expressly provided in such subsection, such failure or refusal terminated the membership of the plaintiff's club in the league.

As expressly provided in section 4 of the constitution of the league, when at the Norfolk meeting the plaintiff and his club were charged with the default just mentioned, by the resolution offered by the Wilson, N. C.,

club, the president had the duty imposed upon him of ascertaining "whether any dispute exists (existed)" as to the fact of such default; it was only in case such fact was "disputed" that the board of directors were required to try the case; under the constitution of the league, the plaintiff was not entitled to have the case tried by anyone when the fact of his alleged default was not disputed; and it appears from the evidence, without any conflict therein, that the president by his said 'phone talk with the plaintiff discharged the duty imposed upon him as aforesaid, and ascertained, as required by the constitution, that the default in question was a fact which was not disputed. Therefore, according to the constitution of the league, by which the plaintiff and his club, as a member of the league, were bound, as by contract, the plaintiff had no right to a trial by the board of directors, or by the league itself in meeting assembled; and, hence, had no right to complain of the action of the league itself in adopting the resolution at the Norfolk meeting, which declared the membership of the Richmond Baseball Club forfeited, that is, terminated.

As said in *Kalbitzer* v. *Goodhue*, 52 W. Va. 435, 44 S. E. 264: "The constitution and by-laws adopted by a voluntary association constitutes a contract between the members, which, if not immoral or contrary to public policy, or the law, will be enforced by the courts."

To the same effect, see *Brown* v. *Stoerkel*, 74 Mich. 269, 41 N. W. 921, 3 L. R. A. 430; 5 C. J. 355.

As said in *Ostram* v. *Greene*, 161 N. Y. 353, 55 N. E. 919: "There is a marked difference between a voluntary association with rules and one without. If lawful rules are made for the government of the members, they must be conformed to until they are regularly changed. So long as they are in force, they are the law of the association and must be obeyed."

The case will be reversed; and since, under the circumstances, a new trial could avail the plaintiff nothing, we will enter final judgment dismissing the action.

*Reversed and final judgment dismissing the action.*