In the Matter of MILDRED V. EVERSON, Appellant, against ORDER OF THE EASTERN STAR OF THE STATE OF NEW YORK, Respondent.

(Argued May 20, 1934; decided July 3, 1934.)

*Louis S. Posner* for appellant.

*Edward L. Steckler* for respondent.

CRANE, J.   The Order of the Eastern Star is a fraternal organization.   It consists of a large number of chapters throughout the State, the central governing body being the grand chapter, constituted of the grand matron and other grand officers, representatives and delegates from the various chapters.   The grand chapter meets annually in October.   In the intervals between the annual three-day sessions of the grand chapter the grand matron is virtually in supreme command.   The constitution says she is " to exercise all Executive and Judicial functions of the Grand Chapter when it is not in session."

The grand matron, Most Worthy Amy Bishop Crocker, in her annual report for 1928–1929 criticised certain members.   On motion this portion of the report was deleted as transcribed.   A later motion was made " that the minutes as transcribed be adopted and included in the proceedings."   So much confusion apparently was taking place in the meeting, caused by both these motions, that it is impossible to determine from the record whether the later motion was carried.

When the printed book of the proceedings of the 1929 grand chapter session appeared it contained the criticisms of the Grand Matron Crocker; they had not been deleted.

The newly elected grand matron, Maud R. Sturges, in August of 1930 had ordered 4,000 copies printed of the stenographic minutes of the 1929 proceedings. This she had full authority to do and if there be any blame for errors or mistakes it is entirely hers. The Commercial Press of Elmira, N. Y., did the printing at a cost of $4,570.77 which was concededly a legal charge against the order. To the amount of the bill there was no objection; that the order was bound to pay it as an authorized debt is admitted; that the officers were charged with the duty of certifying to its correctness and validity is apparent.

Mildred V. Everson, the petitioner-appellant, had at one time been grand matron of this Order of the Eastern Star. When in 1929 Maud R. Sturges was elected grand matron, the petitioner Mildred V. Everson was appointed chairman of the printing committee. Her term of office expired with the annual convention in 1930. Sometime after the end of her term, she certified to the correctness of the bill of the Commercial Press; that is, she certified that the bill was due, that it was a legal charge on the order and that it should or must be paid. The printer could not get its money without her signature unless it resorted to the courts of law, as it had in fact done. The constitution, section 27, article I, provides: " Expenditures on account of the Grand Chapter shall be made only by consent or authority of the Grand Chapter, and payment of any bill for printing shall not be made until it is approved by a majority of the printing committee."

All these matters up to this point are not in question. Complaint is made that the petitioner should not have certified the bill because the matter which the printer was ordered to print contained some criticisms of a few members. The printer had nothing to do with this; it printed according to order, and as the order came from one in authority the cost was a legal obligation. How in honor or in performance of their duties could the printing committee have refused to approve this bill; it could not

be paid by the treasurer without the approval of the committee. The fault lay with the grand matron, not the printing committee. If she ordered incorrect minutes to be printed she alone is responsible. The printing committee approved *after* the order was given; the placing of the order did not need its approval; the committee were to certify to the legal validity of the bill not to the accuracy or truthfulness of the minutes printed.

For this participation in the payment of an honest debt Mildred V. Everson has been suspended from the order for a year and fined two hundred and fifty dollars.

The charges made against her in writing and served as required by the constitution specify that at the annual session of the grand chapter held in 1929 it was resolved to delete all personalities from the minutes as contained in the report of the grand matron, Amy Bishop Crocker; that contrary to this resolution a certain book was printed by the Commercial Press containing the deleted matter; that Maud R. Sturges, the grand matron, authorized this printing and gave the order for it, and that the bill was approved by the grand matron, Mildred V. Everson and Anna Reed Farrington, the printing committee; that the bill was paid after suit had been commenced in the Supreme Court of New York State; that Mildred V. Everson in approving the bill constituted a ratification of the printing and an admission that the Commercial Press had performed its duty and was entitled to $4,570.77 and the order obligated to pay it.

After a trial or hearing as provided by the rules of the order an appeal was taken from the decision of suspension and fine to the " commissioners of appeal." They could not justify the reasons given by the trial commissioners or find that the charges specified were sustained or, if sustained, were sufficient but did abide by the result on grounds of their own given as " In substance, she violated the spirit and letter of the said section by certifying to the Grand Chapter that the obligation incurred by

Maud R. Sturges was a legal and proper obligation with respect to the relationship between Maud R. Sturges as agent and the Grand Chapter as Principal. This we held to be detrimental to the best interest of the Order, and an Eastern Star offense."

In the first place, no such offense was specified or charged nor was this the finding of the trial commission. The offense charged was creating an obligation with respect to the relationship of the creditor, the Commercial Press. The appeal commissioners conceded that Maud R. Sturges was the general agent of the grand chapter of the order and found as follows: " Consequently, it is clear that the obligation of the Grand Chapter for the services performed by the Commercial Press became a valid and binding debt from the Grand Chapter to the said Commercial Press upon the completion of the printing and distribution of the said transcript in accordance with the instructions of the said general agent, Maud R. Sturges. It follows, therefore, that the trial commission were in error when they stated in their decision that the subsequent approval of the invoice by the defendant-appellant caused the Order to pay the sum of $4,570.77 with interest. The approval by the defendant-appellant in no way affected the obligation of the Grand Chapter to Commercial Press."

With this finding the charges against petitioner should have been dismissed. The creation of this obligation was the charge specified, not the approval of the grand matron's action in printing the full instead of the deleted minutes nor her conduct as grand matron in respect to her relationship to the order. Even in these membership bodies a member cannot be charged with one offense and tried for another without his consent or acquiesence. (*Matter of Haebler* v. *N. Y. Produce Exchange*, 149 N. Y. 414, 428; *People ex rel. Johnson* v. *N. Y. Produce Exchange*, 149 N. Y. 401; *Polin* v. *Kaplan*, 257 N. Y. 277, 282; *Young* v. *Eames*, 78 App. Div. 229; 181 N. Y. 542; *Richards* v. *Morison*, 229 Mass. 458.)

And secondly, taking the reasons assigned by the appeal commissioners, we cannot see that the printing committee, in approving a printing bill concededly due, and which could not be paid by the treasurer without such approval, in so doing sanctioned the attacks contained in the minutes. This is distorting the duties and acts of such committee under the constitution — drawing them out a little bit too fine for all purposes except possibly internal friction and disputes. The position of the respondent is plainly stated in its brief: " By refusing to approve the bills she could have expressed her disapproval of the broadcasting of scandalous attacks on fellow members. By approving the bill she approved the attacks." The constitution and rules of the order justify no such conclusion.

The grand matron ordered the printing of the minutes; she had full authority in the matter; the printing bill was a legal obligation of the order which it was bound legally and morally to pay and could not without the signatures of the printing committee. Would they have been justified in refusing to sanction the payment of the debt? We say " no."

For these reasons the order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in this court and in the Appellate Division.

POUND, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.