C. R. GLEASON *et al. v.* CHARLES F. THOMAS *et al.*

(No. 8388)
(CC 555)

Submitted April 8, 1936. Decided June 9, 1936.

*J. W. Maxwell,* for appellants.
*Geo. I. Neal* and *Goldsmith & Thornhill,* for appellees.

WOODS, JUDGE:

A number of firemen on certain intermediate branches of the C. & O. Railway between Handley and Hinton, all of whom are members of the Brotherhood of Locomotive Firemen and Enginemen, an unincorporated labor union, secured a temporary injunction enjoining the enforcement of a certain order of the board of directors of the Brotherhood affecting their seniority rights. The question of whether the foregoing firemen are entitled to equitable relief comes here on both certificate and appeal, the court having overruled a demurrer to the bill, and refused a motion to dissolve a temporary injunction.

The bill charges, among other things, the organization

of the Brotherhood for mutual benefit of all employees who were eligible to and did become members; that same is governed and controlled by a certain constitution whereby and in pursuance of which the affairs of the Brotherhood are controlled and managed by its International President and a Board of Directors whose powers are detailed and fixed by said constitution; that the Brotherhood on behalf of its members made and entered into a certain contract of agreement with the C. & O. Railway whereby certain seniority rights were established; that pursuant to said contract, and renewals thereof, Handley to Hinton, and intermediate branches, compose the New River seniority district, and Hinton to Clifton Forge, and intermediate branches, the Allegheny district; that it was agreed and understood by and between the railway and the plaintiffs that said contract or agreement between the railway and the Brotherhood, particularly provisions with reference to seniority rights of firemen, were and became a part of the several contracts of employment between the railway and the plaintiffs; that certain members of Lodge 236, of the Brotherhood have been anxious to have the foregoing seniority districts consolidated into one seniority district, placing the men on one seniority list for the division composed of New River and Allegheny districts; that such a consolidation, under the provisions of the constitution, could be had only by majority vote of men affected in both New River and Allegheny districts; that the proposal had been thrice submitted, and in each instance has been voted down; that certain members of the local lodge at Hinton took the matter up with the General Grievance Committee, which held the application to be out of order; that upon mature consideration of an appeal from such committee, the International President affirmed the action of the General Grievance Committee; that the International President's action was and is final; that the only course left was to the Convention, which is held triennially; "that notwithstanding said Board of Directors had no power or authority to hear or decide

an appeal from said order or ruling of said International President, it attempted to accept and decide an appeal therefrom, and on or about the 22nd day of May, 1934, the said Board of Directors of the said Brotherhood, in excess of the powers given to it by the constitution of the said Brotherhood, and in plain and flagrant violation of such constitution, issued an order or ruling whereby it attempted to reverse the said action and ruling of said International President, and directed that on and after August 1, 1934, the main line and all branch lines of said railway between the city of Clifton Forge and the town of Handley should be and constitute one seniority district, and that all employees of said railway engaged and employed by it as firemen, and working on its main line and branch lines between Clifton Forge and Handley should be placed upon one seniority roster, and that on and after August 1, 1934, all firemen engaged and employed anywhere on the main or branch lines of said Railway between Clifton Forge and Handley will be permitted to exercise their seniority on all parts of the main and branch lines between Clifton Forge and Handley, all of which will more fully and at large appear from a copy of the purported decision of said Board of Directors filed herewith as Plaintiff's Exhibit No. C, and prayed to be taken and read as a part of this bill;" that such order or ruling by said Board of Directors is in plain violation of the terms and provisions of the contract of agreement between the Railway and said Brotherhood, and of the several contracts of employment between the Railway and said plaintiffs.

A consideration of the briefs in this case indicates that the plaintiffs and defendants are not in accord on the factual situation presented by the bill and exhibits, the defendants contending that Exhibit "C" is contradictory to, and controlling over, averments in the bill. It is defendants' contention that the court is not confined to the bare statements of the bill; that the bill of complaint and the prayer thereof discloses that "this suit, as well as the rights of the plaintiffs to maintain this suit, is

bottomed on a proceeding had within the organization of the Brotherhood of Locomotive Firemen and Enginemen, which proceeding is exhibited with the bill, and this court will now look to that proceeding so exhibited and the facts disclosed by the exhibit which contradict the allegations of the bill and the conclusions of counsel pleaded in the bill." They cite in support of the foregoing premise *Hawkinberry* v. *Metz*, 91 W. Va. 637, 114 S. E. 240; *Caswell* v. *Caswell*, 84 W. Va. 575, 100 S. E. 482. In the syllabus of the last-named case, we held: "Exhibits filed in support of a pleading are considered part thereof, and, if they contradict the matters alleged, will control." This is, as a general proposition, true; but we have recognized exceptions thereto. *Donahue* v. *Rafferty*, 82 W. Va. 535, 96 S. E. 935. In the last-mentioned case, we held in point 3 of the syllabus: "But on demurrer to a bill an exhibit cannot nullify an allegation which it was not offered to support, whatever may be its effect upon the final hearing of the cause upon the merits."

Although, as pointed out by defendants, this case is outgrowth of a proceeding within the Brotherhood, yet the fact remains that the basis of such claim is an alleged usurpation of authority on the part of an official body within that organization, the ultimate result of which, if not restrained, is to destroy the contractual rights of the plaintiffs as embodied in the constitution and by-laws of the Brotherhood and the contract relating to wages and working conditions made by such Botherhood with the C. & O. Railway. So, it is to protect such rights against usurpation of authority that plaintiffs have appealed to the courts.

The plaintiffs allege by positive averment the existence of two seniority districts, and an effort on the part of some of the members of the Brotherhood, through defendants, to effect a consolidation in a manner other than provided by the constitution and by-laws. Such allegations are supported by specific references to the constitution and by-laws and the Schedule of Wages, i.e.,

Exhibits "A" and "B", respectively. As will be noted from the quotation from the bill, appearing in our summary of the same, the plaintiffs make reference to Exhibit "C" to support the allegation that the Board of Directors has taken definite action, and directed that its order is to become effective on August 1, 1934. This Exhibit, as we view it, is the handiwork of the Board, and necessarily was drafted so as to show jurisdiction on its part. It indicates that its action therein was one of policy. In view of the specific allegations and the intention of the pleader, it is apparent that they did not intend to rely upon the exhibit for any other purposes than hereinbefore indicated, and did not attempt to base their case on the same.

As indicated in *Donahue* v. *Rafferty, supra*, the fact that the entire exhibit was not included in the pleading does not keep it from being considered on the trial. If it was considered as evidence on the motion to dissolve the temporary injunction, it is apparent that the chancellor found it insufficient to indicate that the Board of Directors had acted within the scope of its authority. The matters contained in the exhibit are in railroad parlance and necessarily involve matters not apparent to the reader. So, we must in this respect follow the chancellor in his ruling. *Robrecht* v. *Robrecht*, 46 W. Va. 738, 34 S. E. 801.

The demurrants' position on "seniority" as a property right and its enforceability is interwoven with the assumption that the Board of Directors, in view of Exhibit "C", were acting within the scope of their powers. They state: "A seniority right, such as is sought to be specifically enforced in this suit, is not such a vested property right as will be protected by a court of equity as against a subsequent change in the regulation or rule upon which it depends, adopted in the manner and by the authorities provided by the constitution of the organization, adopting and agreeing to the original rule." It therefore becomes apparent that our refusal to include Exhibit "C" for other than the purpose heretofore noted, necessarily

narrows the question of "seniority" to one issue: whether it is a right which the courts will respect. The validity or invalidity of the Board of Directors' action is purely a matter for defense.

Although the appellants may be correct in their statement that there are few cases involving "seniority rights" in which the courts have entertained the case for its enforcement, the decisions, so far as we have been able to review them, recognize that "seniority" is a contract right, and that during the term of its existence cannot be taken away, except in the manner provided in the agreement. As stated in a Kentucky case: "The primary purpose in the organization of labor unions and kindred organizations is to protect their individual members and to secure for them a fair and just remuneration for their labor and favorable conditions under which to perform it. Their agreements with employers look always to the securing of some right or privilege for their individual members, and the right or privileges so secured by agreement is the individual right of the individual member, and such organization can no more by its arbitrary act deprive that individual member of his right so secured than can any other person." *Piercy* v. *L. & N. Rr. Co.*, 198 Ky. 477, 248 S. W. 1042, 1045, 33 A. L. R. 322. See also: *Gregg* v. *Starks et al.*, 188 Ky. 834, 224 S. W. 459, 462; *Donovan* v. *Travers*, 285 Mass. 167, 188 N. E. 705. A number of cases turn on the fact that the complaining party had by virtue of his contract, agreed to certain procedure, and his rights having been determined in accordance with the method prescribed therein, he has no recourse to the courts. *Burger* v. *McCarthy*, 84 W. Va. 697, 100 S. E. 492; *Shaup* v. *Grand International Brotherhood of Locomotive Engineers*, 223 Ala. 202, 135 So. 327; *Hunt* v. *Dunlap*, (Tex. Civ. App.) 248 S. W. 760; *Mosshamer* v. *Wabash Ry. Co.*, 221 Mich. 407, 191 N. W. 210; *McMurray* v. *Brotherhood of Railroad Trainmen*, 50 Fed. (2d) 968; *Norfolk & Western Ry. Co.* v. *Harris*, 260 Ky. 132, 84 S. W. (2d) 69.

Plaintiffs are members of the Brotherhood in

standing equally as good as defendants. And, therefore, they have the right to insist that the constitution be observed and obeyed; a right that the courts of this state will protect by injunction. *Kalbitzer* v. *Goodhue*, 52 W. Va. 435, 44 S. E. 264. The constitution is a contract between the members, which the courts will enforce. *Kalbitzer* v. *Goodhue, supra;* 25 R. C. L. 48, sec. 5; 5 C. J. 1341, sec. 26; 63 C. J. 662, sec. 11.

The injunction does not amount to decree for specific performance. Under the injunction now or hereafter in effect the parties, both plaintiffs and defendants, may freely work or refrain from work on their respective seniority districts.

Perceiving no error in the several rulings of the chancellor, we affirm his actions therein.

*Affirmed.*