HARRY H. COOK, *et al.*

*v.*

CARL E. COLLINS, *et al.*

(No. 9922)

Submitted April 13, 1948. Decided May 25, 1948.

*Stathers & Cantrall* and *W. G. Stathers*, and *Richard Lyman*, for appellants.

*Wyatt & Randolph*, for appellees.

LOVINS, JUDGE:

This suit was instituted in the Circuit Court of Harrison County for the purpose of vindicating the asserted rights of plaintiffs to direct the internal affairs of Local Union No. 569 of the American Flint Glass Workers' Union of North America and to obtain control of the money and other property belonging to said local union.

The American Flint Glass Workers' Union of North America, which hereinafter will be designated as "national association", is a voluntary, unincorporated association, national in its scope, and has a number of local unions

under its jurisdiction. The national association has two divisions, namely, the skilled workers' division and the miscellaneous division. Local Union No. 569, which will be hereinafter designated as "local union", is likewise an unincorporated association, and is included in the miscellaneous division of the national association.

Plaintiff Harry H. Cook is the president of the national association, and Charles H. Sheff, Arthur Elbert, Clark Gamble, and Albert Vottero are the secretary, assistant secretary, and national representatives, respectively, of said association. Plaintiffs, Hobart Williams, John Biafore, Leota Hyde, Guy L. Day, Joe Romano, Dave Tipper, Albert Lockhart, Fred L. Harbert, Smith Brown, and Pearl Cook are members of the local union. Some of the last-mentioned plaintiffs claim to be the rightful officers of said local union. Plaintiffs brought this suit in behalf of all members of the national association.

Defendants, Carl E. Collins, Richard L. Frazier, Donald N. Huber, Baxter Moran, Ruth Johnson, and Daisy Fuller, were, in the year 1944, respectively, the president, vice president, financial secretary of the local union, and the three last-named were trustees of said union. Said defendants aver in their answer that, at the time the said answer was filed, they were the lawful holders of said offices in the local union. Defendants Collins and Moran were also members of the executive board of the miscellaneous division of the national association.

The membership of the local union, numbering approximately eleven hundred persons, were employees of the Hazel-Atlas Glass Company and Clarksburg Paper Company at Clarksburg, West Virginia. The labor policies of the two corporations are determined by the officers and agents of the glass company. According to findings of fact made by the National Labor Relations Board, made a part of the record in this suit, the glass company and the paper company produce articles which are sold in interstate commerce.

The defendant Collins, who seems to have been influen-

tial in the affairs of the local union, was discharged in the year 1943. He made an unsuccessful attempt to procure reinstatement. Following such failure, defendants, together with a number of their fellow-members, created considerable agitation in the local union to transfer their allegiance to the Federation of Glass, Ceramic and Silica Sand Workers of America, an affiliate of the Congress of Industrial Organizations, and a rival organization of the national association, which will be hereinafter designated as "federation".

Defendant Collins called a meeting of the local union on August 3, 1944, at which time the local union made an effort to change the bargaining agent for the glass and paper companies and their employees, from the national association to the federation. At a meeting of the local union held on September 5, 1944, a motion was adopted that no more dues should be paid to the national association after the pay-period ending September 2, 1944. At another meeting of the local union held on September 12, 1944, it was decided by a majority vote of the members present that no officers of the local union should be nominated and elected until after "the labor board election". The phrase "labor board election" evidently referred to the proceeding then pending before the National Labor Relations Board.

In the meantime the officers of the national association, then in Clarksburg, in an effort to prevent a possible disruption of the local union, rented space for the collection of dues, notwithstanding the action of the membership of the local union. Said officers also called a meeting of the local union to be held at the Masonic Temple Building on September 20, 1944. At such meeting defendants, Collins, Moran and a number of their adherents, created such disorder that no meeting was held at that time and place. After the unsuccessful attempt to hold the meeting on September 20, 1944, notice was given that a meeting of the local union membership would be held at the Waldo Hotel in Clarksburg on October 13, 1944. At that meeting those persons, including Collins and others, who

had paid dues only to the pay-period ending September 2, 1944, were excluded by action of the officers of the national association. A number of persons outside the room demanded admittance, and were either prevented from attendance by the crowded doorway or refused admittance. The meeting held by the officers of the national association in the ballroom of the Waldo Hotel nominated a complete set of officers for the local union.

While the meeting in the room was in progress, Collins held another meeting in the corridor outside the room, at which about one hundred and twenty-five persons were present. The meeting held by the defendant Collins denounced the meeting held inside the room as illegal.

After the first meeting was adjourned, arrangements were made by the national officers to hold another meeting in the evening of October 13, in a room on the sixth floor of the Waldo Hotel. The change from the ballroom to the sixth floor was occasioned by complaints of the management of the hotel because of the disorder at the first meeting and some destruction of property. At the second meeting, which was attended by about thirty-two members of the local union, two persons who had been nominated for offices in the local union withdrew their names, and there being no opposition to the remaining persons nominated at the first meeting, they were elected by acclamation.

The national association's president, Cook, certified that the persons so elected on October 13, 1944, were the proper officers of the union, and said persons demanded the papers, books, money and other property belonging to the local union. The demand so made was refused by the defendants.

A petition having been filed by the federation with the National Labor Relations Board concerning the representation of the employees of Hazel-Atlas Glass Company and Clarksburg Paper Company, a hearing was had on said petition. After the hearing, other proceedings were had on said petition, which resulted in the labor board

dismissing the petition on December 1, 1944, and a finding that the representation requested by the federation was "inappropriate".

In the month of December, 1944, defendant Collins called a meeting of the local union to be held on December 19, 1944, for the purpose of electing officers for the ensuing year.

This suit was then instituted, and plaintiffs moved for an injunction to enjoin the meeting called by Collins. The injunction was refused by the trial court. On application to this Court the injunction was granted. Thereafter numerous hearings were had, and voluminous depositions were taken and exhibits filed.

After the hearings had been completed, by leave of court, plaintiffs amended their bill of complaint, alleging that certain of the plaintiffs had been elected to various offices of the local union at the last regular meeting held in September, 1945, and in support of their amendment filed the affidavit of the recording secretary of the local union.

The trial court by final decree made on the 28th day of October, 1946, dissolved the injunction granted by this Court, and dismissed the plaintiffs' bill of complaint on the ground that the trial court did not have jurisdiction of this cause. This appeal followed.

It is clear that the trial court went no further than to hold that jurisdiction was lacking, and therefore it did not pass upon any question of law or fact presented by this record. In this state of the record, we are of opinion that the sole question to be determined by this Court is whether the trial court had jurisdiction to hear and determine the issues presented. This Court, having no original jurisdiction of this cause and acting only as an appellate court, will not consider nonjurisdictional questions not acted upon by the trial court. *Highland* v. *Davis*, 119 W. Va. 501, 516, 195 S. E. 604; *Nuzum* v. *Nuzum*, 77 W. Va. 202, 206, 87 S. E. 463. To consider and decide nonjuris-

dictional questions in this Court, not acted upon by the trial court, would be the assumption of jurisdiction by this Court which it does not possess.

The record is voluminous and complete, and the case has been pending for approximately three and one-half years. For that reason we are reluctant to dispose of this appeal on such basis. But such conclusion is inevitable, and, therefore, we shall restrict this discussion to the question of jurisdiction.

Before going into the question of jurisdiction, we note that want of jurisdiction of the subject matter may be raised at any time in the trial court or in this Court. *Charlotton v. Gordon,* 120 W. Va. 615, 618, 200 S. E. 740. See *State v. McLane,* 128 W. Va. 774, 776, 38 S. E. 2d 343; *Gapp v. Gapp,* 126 W. Va. 874, 876, 30 S. E. 2d 530.

The courts of this State have jurisdiction of suits and actions involving disputes between members of unincorporated, voluntary associations, concerning contractual rights arising under the association's lawful constitution and by-laws. *Kalbitzer v. Goodhue,* 52 W. Va. 435, 44 S. E. 264; *Simpson & Smith v. Engineers,* 83 W. Va. 355, 98 S. E. 580. See *Ostrom v. Greene* (N. Y.), 55 N. E. 919; *Everson v. Order of Eastern Star* (N. Y.), 191 N. E. 854. Disputes and factional differences between members of a labor union likewise may be heard and determined by a state court in the absence of statutory inhibition. *Simpson & Smith v. Engineers, supra; Harris v. Backman* (Ore.), 86 P. 2d 546; *Lumber and Sawmill, etc. v. International W. W., etc.,* (Wash.), 85 P. 2d 1109; *Gardner v. Newbert* (Ind. App.), 128 N. E. 704; *Cotton Jammers' & Longshoremen's Ass'n. No. 2 v. Taylor* (Tex. Civ. App.), 56 S. W. 553; *Spayd v. Ringing Rock Lodge No. 665* (Pa.), 113 A. 70; *Sweetman v. Barrows* (Mass.), 161 N. E. 272; *Pratt v. Amalgamated Ass'n. of S. & E. Ry. Employees* (Utah), 167 P. 830; *Steinert v. United Brotherhood of Carpenters & Joiners of America* (Minn.), 97 N. W. 668; *Margolis v. Burke* (N. Y.), 53 N. Y. S. 2d 157.

But defendants contend that the courts of this State are

without jurisdiction to determine the issues arising in this case by virtue of U. S. C. A., Title 29, Sections 151-166, popularly known as the "National Labor Relations Act". In so doing, defendants assert that a "labor dispute" exists and therein rely upon the definition thereof set forth in Paragraph 9, Section 152, Title 29, U. S. C. A., which reads as follows: "The term 'labor dispute' includes any controversy concerning terms, tenure or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment, regardless of whether the disputants stand in the proximate relation of employer and employee." A' definition similar to that above quoted will be found in Paragraph (c), Section 113, Title 29, U. S. C. A., popularly known as "The Norris-La Guardia Act".

It will be noted that any jurisdictional dispute, either simulated or real, existing between the national association and the local union on the one part and the federation on the other, was disposed of by the finding of the National Labor Relations Board prior to the institution of this suit. There is no basis for application of the principle announced in *Green* v. *Obergfell*, 121 F. 2d 46. See *Swenson* v. *Seattle Central Labor Council* (Wash.), 177 P. 2d 873.

Nor does this controversy come within the statutory definition above quoted. It seems clear that this is a suit to enforce and protect rights asserted by the plaintiffs and claimed by defendants. It may be that the local union and the national association are local and national labor unions, but because of that fact the jurisdiction of state courts relative to their property located in this State and the rights of members of the union, who work in this State, is not abrogated.

It would be an unreasonable and illogical holding to say that simply because parties to a dispute, concerning property rights and rights of membership, are members of a labor union that such rights cannot be determined

by a state court. We reiterate that such rights have long been recognized and enforced in state courts.

It is true that there is a trend in the Acts of Congress, and in the decisions of courts relative thereto, to enlarge the prior concept and scope of the interstate commerce clause of the Federal Constitution, thus conferring jurisdiction over causes which formerly were determinable only by state courts. But such trend has not reached the point of denying state courts jurisdiction over matters inherently local. So far as we are concerned, we do not think that there is any federal question involved in this case.

Therefore, the issues presented by this record must be heard and determined in the first instance by the Circuit Court of Harrison County. That court was in error in refusing to assume jurisdiction. Therefore the decree of the Circuit Court of Harrison County is reversed, and this cause is remanded to that court with directions to hear and determine the questions fairly arising upon the record, and such other relevant questions as may be properly presented.

Though we express no opinion on the merits of this case, we direct attention to the case of *Kalbitzer* v. *Goodhue, supra,* and *Simpson & Smith* v. *Engineers, supra.*

The plaintiffs, having substantially prevailed in this Court, are entitled to recover the costs of this appeal.

*Reversed and remanded
with directions.*