## MUSICIANS PROTECTIVE ASS'N, LOCAL 466 A. F. OF M. v. SEMON.

### No. 4898.

Court of Civil Appeals of Texas. El Paso.

Nov. 20, 1952.

Rehearing Denied Dec. 10, 1952.

E. B. Elfers and Stanley Caufield, both of El Paso, for appellant.

Isaacks & Ward, El Paso, for appellee.

SUTTON, Justice.

This appeal comes from the 65th District Court of El Paso County. Robert H. Semon, as plaintiff, filed the suit against the Association to recover damages for the alleged malicious and wrongful expulsion from membership in the association, alleging that he was and had been since his admission as a member in the Association a member in good standing until his expulsion; that he was wrongfully and maliciously expelled without notice or hearing, and pleaded the damages claimed to have been sustained.

The defendant Association answered with a denial of the expulsion in the manner claimed, and said plaintiff had assumed all the obligations required of members by the constitution and by-laws of the parent Association, the American Federation of Musicians of the United States and Canada, and of the local Association. The Association pleaded a provision of the by-laws of the parent Association which provided a card of membership should not be issued to an applicant unless he be a citizen of the United States, provided, however, a non-citizen applicant in order to become eligible for membership shall declare his intention of becoming a citizen by taking out his first papers, and that a member thus accepted must complete his naturalization within the shortest possible time provided by law, and that failure to comply with such requirement shall be cause for annulment of membership, unless the laws of the Federation provide otherwise.

The defendant Association further answered, saying the plaintiff was at the time his application was filed and accepted an alien with an application for citizenship on file in the United States District Court at El Paso; that he dismissed such application and subsequently filed another which latter one was dismissed by the Court June 4, 1945, for failure to prosecute the application, and that on December 31, 1947, at a time when the plaintiff was an alien with no application on file, by more than a majority vote of the membership his membership was annulled and he so notified. It is also alleged he was not expelled but that he had rendered himself, by failure to complete his citizenship in the shortest possible time under the law, ineligible to further continue himself as a member.

In answer to special issues a jury found plaintiff was a member in good standing up to December 31, 1947; that he was wrongfully and maliciously expelled; that he has been wrongfully deprived of working in concerts and appearing professionally since 1947 by the defendant; that he had sustained a pecuniary loss as a result thereof, and that his damages were the sum of five thousand dollars. Judgment followed accordingly, from which this appeal is prosecuted.

The defendant briefs two points of error which are that the Court erred in overruling its motion for an instructed verdict when plaintiff rested his case, and in denying such a motion when all the evidence was in.

Defendant cites no authorities, saying it has found none upon comparable facts. It undertakes to sustain its points on the proposition that plaintiff having applied for membership and admitted when he was an alien upon a declaration of intention he could maintain such membership in good standing only by completing his naturalization within the shortest period of time permitted by law. As an alien with no declaration on file, he was not at the time his membership was annulled in December 1947, a member in good standing, and such membership was legally annulled.

Plaintiff predicates his allegation of wrongful expulsion on the ground he was so expelled without notice and an opportunity to be heard. We understand it to be admitted as true plaintiff was an alien and had no application or declaration of intention pending at the time the action by the defendant Association was taken, and likewise admitted as true no notice was given plaintiff of any charges or the purpose and intention of the defendant to annul his membership, nor an opportunity to be heard, and that the first and only notice he had thereof was a letter of that date notifying him his membership had been annulled by virtue of the provisions of the National Association above referred to.

■ It will be noted that the provision is that failure to perfect the naturalization within the time specified "shall be cause for annulment of membership". Annulment means to abolish or invalidate, Webster's New International Dictionary. The Association was by the provision authorized to abolish or invalidate plaintiff's membership in the Association. His failure to meet the requirement did not terminate his membership but was but a ground or cause for the termination thereof, as would be the violation of any of its rules and laws assumed by him when he became a member. It was not self-enforcing. It required action on the part of the Association. It undertook to act and notified the plaintiff of the action it had taken. This was without notice and hearing.

■ We take it to be conceded plaintiff had a property right involved. It is the general rule that membership in a trade union carries with it property rights, and such is the rule in Texas. Cotton Jammers' & Longshoremen's Association v. Taylor, 23 Tex.Civ.App. 367, 56 S.W. 553; International Printing Pressmen & Assistants' Union of North America v. Smith, 145 Tex. 399, 198 S.W.2d 729.

As has already been noted the defendant Association gave no notice to the plaintiff of the intention to proceed against him for failure to perfect his citizenship, but the action was taken summarily. It seems to be the rule everywhere, though the by-laws as in the instant case do not provide for the giving of notice, that such is essential and reasonable notice must be given, and a failure to do so will constitute the action wrongful and unlawful, and will give rise to a cause of action for damages. 5 T.J. 133, par. 13; Taylor case, supra; 7 C.J.S., Associations, § 25, d(2), Notice, p. 61; 63 C.J. 685, par. 54; 4 Am.Jur. 471, par. 25.

It is said in United Brotherhood v. Carpenters' Local Union No. 14, Tex.Civ.App., 178 S.W.2d 558, loc.cit. 559(8), that the general American rule is that the courts will recognize as valid only such actions taken under the Association's laws as are taken in pursuance of charges made, notice given and a hearing had, that is to say, the law writes into the constitution, by-laws and rules a provision for the presentation of charges, notice and an opportunity to be heard, and cites authorities.

It is undisputed and apparent from the record in this case that the Union undertook to act in their quasi judicial capacity and by a vote of the members present at the meeting took formal action on the question presented to them and gave notice of the action taken, but as we have already noted the action was summary without charges, notice and an opportunity to be heard. Having undertaken to act in such capacity it was incumbent upon it that it act in accordance with law, and having failed to do so the result was unlawful, authorities, supra.

We take it that it cannot be determined as a matter of law every case of naturalization can be determined in a particular period of time, but that the shortest period of time provided by law may vary according to the circumstances in a particular case.

We conclude, therefore, there was no error committed by the denying of the motions to instruct a verdict; that the points predicated thereon are not well taken, and that the judgment should be affirmed.

It is affirmed.

PRICE, Chief Justice.

I most respectfully dissent from the disposition of this case made by the opinion of the majority.

In my opinion the provision recited in regard to the completion of naturalization was contractual in its nature. The defendant, in terminating the membership on account of failure to comply with the contract conditioning the membership, acted within its rights. The admission of appellee to union membership was conditional, the right to revoke that membership for failure to comply with the condition was reserved.

There is not the faintest pretense or contention that appellee ever attempted to comply with the condition of his continued membership in the Association. Furthermore, the majority opinion overlooks the fact that the plaintiff was accorded due process of law. He sought an appeal to the national body from the order of the local organization annulling the membership. He was accorded this right, given an opportunity to be heard. The judgment, on appeal, of the parent body went against him. It is a judgment of the national body rather than the local body that deprived him of any right of membership in the union. His appeal, in my opinion, suspended the force and effect of the order of the local. Mr. Petrillo recognized this fact in that previous to the hearing before the national body he addressed his communication to him as "Dear Brother". The hearing before the national body went against appellee-plaintiff. It was that order, and not the order of the local, that deprived him of all privileges of his conditional membership in the union. It is undisputed that plaintiff failed to comply with the condition of the continuation of his membership. See De Mille v. American Federation of Radio Artists, 31 Cal.2d 139, 187 P.2d 769, 175 A.L.R. 382, and authorities cited.

The Constitution and By-Laws of both the National and local union of musicians constitute a contract with the members and were binding on the plaintiff. United Brotherhood v. Carpenters' Local 14, Tex. Civ.App., 178 S.W.2d 558 (e. r.); Smith v. International Printing Pressmen, etc., of N. A., Tex.Civ.App., 190 S.W.2d 769; De Mille v. American Federation of Radio Ar-

tists, supra. If such contract may prescribe the terms on which membership in a union may be gained, so it may define the condition which will entail its loss. Polin v. Kaplan, 257 N.Y. 277, 177 N.E. 833.

A somewhat extended examination of the constitution of the American Federation of Musicians of the United States and Canada discloses that it is only in cases of expulsion that trials are provided for. Now the provision of the constitution of the national union provides for an annulment of membership. It makes no provision for a trial. An annulment and an expulsion, to my mind, are not the same thing. Implicit in the provision allowing a conditional membership in the union to an alien is that such alien is at the expiration of the time provided by law eligible to naturalization when eligible to take out his first papers. If he is eligible to take out his first papers the laws of the United States, of which we must take notice, confer the right to naturalization. If the party tentatively admitted to membership is not entitled to naturalization then his admission must be void. Now Article 5 of the Constitution of the Local provides as follows:

"All instrumental musicians, at least sixteen years of age, of good moral character or repute and who are citizens of the United States of America or Canada, shall be eligible to membership according to the manner hereinafter provided in the by-laws. Applicants under sixteen years of age must have the sanction of the International Executive Board."

However, if the local admitted appellee, in the opinion of the writer it is probable that the quoted provision of the National Association would govern. There would be no rhyme or reason in requiring a trial to determine whether an alien, eligible and seeking naturalization, had completed same within the "shortest possible time provided by law". All persons are presumed to know the law of the United States. There appears in the record testimony of certain immigration officials in regard to the law of the United States. The trial court might resort to these witnesses to ascertain the

law of which it was bound to take judicial notice, but it has no tendency to prove the law of the United States relating to matters about which they testified. The matters of naturalization are governed by the Constitution and Statutes of the United States. It cannot be said that the advice of immigration officials not to present his application for citizenship presented any good reason for his refraining therefrom.

The judgment of the trial court permits a recovery on a contract which the appellee had by his own breach terminated.

In my opinion the judgment should be reversed and rendered in favor of the defendant local union.